2me339
98  532

2me 339
109 644

CASE 73—PETITION ORDINARY—OCTOBER 15.

## Slone vs. Slone.

APPEAL FROM FLOYD CIRCUIT COURT.

1. The selection of a temporary judge who presides in a case, the reason of such selection, and the fact that the requisite oaths have been taken by him, should be entered on the order book of the court. But it is not necessary, in making out a transcript of the record in the case for the court of appeals, to copy that order, since the legal presumption is, when it does not appear that an objection was made in the court below to his acting as judge, that all the requisitions of the law have been complied with.

2. A counter claim is substantially a cross action by the defendant against the plaintiff, growing out of, or connected with, the subject-matter of the action.

3. In an action for an assault and battery, the defendant may be the party most aggrieved, and the one that is actually entitled to relief. If so, he could maintain an action against the plaintiff, and, having been sued by him, has a right to seek redress against him by his cross action in the form of a counter claim.

4. Where, in an action for an assault and battery, the defendant sets up in his answer a counter-claim for damages for an alleged assault and battery at the same time and place committed upon him by the plaintiff, to which the plaintiff fails to reply, the court cannot instruct the jury to find for the defendant the amount claimed in his answer—the jury must determine from the evidence the amount of damages. (*Civil Code, sec.* 153.)

5. Where the discovery of new evidence after the trial is the ground upon which a motion for a new trial is made, it must be sustained by affidavits. (*Civil Code, sec.* 372.)

A. J. JAMES for appellant.

JNO. M. HARLAN on same side.

APPERSON for appellee.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

No objection having been made in the court below to the temporary judge who presided in this case, the presumption

must be indulged that he was properly selected, and had taken the requisite oaths before he entered upon the discharge of his duties.

The statute requires that his selection as temporary judge, the reason of such selection, and the fact that the requisite oaths have been taken, shall be entered on the order book of the court. But it is not necessary, in making out a transcript of the record in a case in which he presided, to copy that order, inasmuch as the legal presumption is, when it does not appear that an objection was made to his acting as judge, that all the requisitions of the law have been complied with.

In this action, which was brought for an assault and battery, the defendant alleged in his answer that the plaintiff, at the same time and place, committed an assault and battery upon him, greatly to his damage, made his answer a counter claim against the plaintiff, and asked for a judgment against him for $500 in damages.

A demurrer was filed and overruled to that part of the answer containing the counter claim, and the first question that arises is, was the demurrer properly overruled?

Any cause of action in favor of the defendant, which arises out of the transaction set forth in the petition, as the foundation of the plaintiff's claim, may be relied upon as a counter claim. A counter claim is substantially a cross action by the defendant against the plaintiff, growing out of, or connected with, the subject-matter of the action. It is allowed, in order that the whole controversy between the parties may be determined in one action; and it may be relied upon wherever an action could be brought by the defendant for the same cause.

In an action for an assault and battery, the defendant may be the party most aggrieved, and the one that is actually entitled to relief. If so, he could maintain an action against the plaintiff, and having been sued by him, has a right to seek redress against him by his cross action, in the form of a counter claim. The plaintiff's demurrer was, therefore, properly overruled.

The plaintiff failed to reply to the allegations of the answer which constituted the counter claim, and the defendant moved

the court on the trial of the cause to instruct the jury that they must find for him the amount claimed by him in his answer. This instruction the court refused to give, and the defendant excepted.

The court properly overruled the defendant's motion. Allegations of value, or of amount of damage, are not to be considered as true by the failure to controvert them. (*Civil Code, sec.* 153.) The court had no right, therefore, to instruct the jury to find for the defendant the amount claimed by him in his answer. It was the province of the jury to determine, from the evidence, the amount of damages he was entitled to recover for the assault and battery, which the plaintiff admitted, by failing to controvert his allegations on the subject, that he had committed upon him.

If the defendant had alleged, in that part of his answer which was made a counter claim, that the first assault had been committed by the plaintiff, and that the assault and battery which he complained of was committed by the defendant in self-defense, and no reply had been filed by the plaintiff, he could not have recovered a judgment against the defendant, because the answer would have presented a good defense to the action. But as the only allegation in the answer was, that the plaintiff assaulted and beat the defendant, at the same time that the assault and battery complained of by the former was alleged to have been committed by the latter, it was for the jury to decide what amount the defendant had a right to recover for the assault and battery which the plaintiff had committed upon him.

It was clearly proved that the affray was commenced by the defendant, and that the assault that was made upon him was the consequence of the assault which he had first made upon the plaintiff. The verdict of the jury is, therefore, fully sustained by the testimony.

The motion for a new trial was properly overruled. The only plausible ground relied on to sustain the motion was the discovery of new evidence after the trial, and no affidavits were filed to sustain that ground, as required by the Civil Code. (*Sec.* 372.)

Wherefore, the judgment is affirmed.