## Bowling v. Commonwealth.

(Decided April 24, 1912.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law—Affidavit for Continuance When Discretion of Court Not Abused.—The statute allowing the affidavit for continuance to be read as the deposition of the absent witnesses is constitutional and the discretion of the court to require the statements of the affidavit to be taken as true, is not abused where

no facts are shown warranting the conclusion that the proper effect of the testimony of the witnesses cannot be obtained without their presence in court.

2. Evidence.—Statements of the defendant shortly before the homicide tending to show malice are competent as evidence although the deceased is not named in the statement.

3. New Trial—Newly Discovered Evidence.—Motion for new trial on the ground of newly discovered evidence should be supported by the affidavit of the witnesses that they will so state, or by some other evidence than the affidavit of the defendant; and a new trial will not be granted for newly discovered evidence which is merely cumulative.

W. N. COPE and A. Y. BYRD for appellant.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Ewen Bowling was indicted in the Breathitt Circuit Court for the wilful murder of Sam Crawford. On a trial of the case before a jury he was found guilty as charged and his punishment fixed at death. He appeals.

Ewen Bowling is a white man about thirty years old. Sam Crawford was a negro and had a son, Ora Crawford, about twenty years old. Ora Crawford, Ewen Bowling and George Bowling, a brother of Ewen, were all more or less under the influence of liquor at a bridge near Jackson; and some quarrel came up between Ora Crawford and Jack Barnett, another white man who was in the crowd. While this quarrel was going on between them Sam Crawford came along from his work. About the time that Sam appeared, Ora started to leave and Ewen Bowling objected to his leaving and tried to make him stay. Sam Crawford seeing what was going on came up to where they were. He said to the white men that he was their friend and wished no trouble. He directed his son to go home, and asked the white men to let him go home, saying that he would take his son home. Ewen Bowling undertook to prevent Ora from going home. Sam Crawford got between him and Ora, insisting that he let him take his son home. He begged him to have no trouble. Ora started off home with Sam following him. Ewen Bowling pulled out his pistol and commenced beating Ora over the head with it and also Sam. Ora had a rock in his hand, and when Ewen struck

his father with the pistol, he struck Ewen with the rock. Ewen fell from the blow, and when he got up he shot several shots from his pistol, while Sam Crawford was holding up his hands and begging him not to shoot. One of these shots killed Sam Crawford, and another struck Ora, and he also fell to the ground. Ewen Bowling and his brother then went to Ora and beat him over the head with their pistol, apparently leaving him for dead.

Shortly before the difficulty, and on the same afternoon, Ewen Bowling and George Bowling said to a witness that they were going to kill some negro that evening, and Ewen Bowling said to another witness that he was going to kill a darkey. Shortly after the homicide Ewen said to the officer who arrested him, "All he hated was he got the handle of his pistol bursted, that was all he hated about the trouble."

The above is substantially the proof for the Commonwealth by a number of witnesses who were present and saw the transaction, and there is as little discrepancy in their statements as there is usually in the testimony of witnesses present at a homicide. On the other hand, Ewen Bowling, his brother, and some witnesses for them testified in substance that Ora Crawford knocked Ewen down with a rock and that he accidentally shot Sam Crawford when he was shooting at Ora. It is earnestly insisted that the verdict of the jury is not sustained by the evidence, and should be set aside; but we cannot sustain this view. Sam Crawford had done nothing except to beg the white men to let him take his son home. He was wholly unarmed, and according to the undisputed evidence was shot while he was holding up his hands begging Ewen Bowling not to shoot. The question of self-defense was fairly submitted to the jury, and their verdict is supported by the great weight of the testimony.

Appellant asks a reversal because the court overruled his motion for a continuance, allowing him to read the affidavit as the depositions of the absent witnesses. The court admonished the jury that they should receive the testimony and give it the same weight and effect as though the witnesses were present and testified in person. We have in a number of cases upheld the constitutionality of the statute; it provides among other things as follows:

"The court may, when from the nature of the case,

it shall be of opinion that the ends of justice require it, grant a continuance, unless the attorney for the Commonwealth will admit the truth of the matter which it is alleged in the affidavit such absent witness or witnesses would testify to.'' (Criminal Code, section 189.)

We cannot say that the court abused a sound discretion in refusing to so rule or in ruling that the affidavit might be read as the deposition of the absent witnesses. No facts were shown warranting the conclusion that the just effect of the testimony of the witnesses could not be had without their presence in court. This was essential; to hold that the court without such facts being shown, should have required the affidavit to be admitted as true, would be practically to nullify the amendment of the statute which was designed to enable the Commonwealth to secure a trial of cases of this sort by admitting the affidavit to be read as the testimony of the absent witnesses, unless the presence of the witnesses is necessary to a fair trial.

The defendant on the motion for new trial filed his affidavit that he could prove certain facts material to his defense by two witnesses to the difficulty, and he stated that he had learned since the trial that he could make this proof, but he did not support his affidavit by their affidavit that they would so state or by the testimony of any other person. This should have been done; for, were the rule otherwise, there would be no certainty that anything would be gained by granting a new trial; and in the absence of some such showing the circuit court did not err in refusing to grant a new trial on this ground. In addition to this the testimony was merely cumulative and would have had little effect if produced on the trial, in view of the great mass of evidence that was introduced. The testimony as to the statements made by Ewen Bowling that he was going to kill a negro, was competent to show the state of his mind though he did not name the negro. We held such evidence competent in Ellis v. Commonwealth, 146 Ky., 715, and Hendrickson v. Commonwealth, 146 Ky., 742.

We have examined with care the instructions given by the court, and find no error in them. They presented the law of the case fairly and fully. On the whole record we find no error in the record to the prejudice of the defendant's substantial rights.

Judgment affirmed.