### American Central Insurance Company v. Hardin.

(Decided May 9, 1912.)

Appeal from Laurel Circuit Court.

1. Insurance—Parol Contract.—An action may be maintained and recovery had on a parol contract of fire insurance, if the evidence shows the subject matter of the risk insured against, the amount of insurance, the rate of premium, the duration of the risk, and the company that is to issue the policy.

2. New Trials—Newly Discovered Evidence.—When a party desires to obtain a new trial on the ground of newly discovered evidence, he should in addition to his own affidavit stating the reasons why the evidence was not procured, and its materiality, file the affidavit of the proposed witness, setting out what he would testify to if introduced as a witness.

CLAY & BOREING for appellant.

HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This action was brought by appellee against appellant company upon a parol contract of insurance, alleged to have been made with an agent of the company, by which it was agreed that the property of appellee should be insured for one year from October 22, 1910. The property was destroyed by fire in November, 1910, and the ap-

pellant company declining to pay the loss, the appellee brought suit to recover the amount of insurance, $600.00 and there was a judgment in his favor.

It appears from the evidence that in October, 1908, the appellee procured a policy of insurance for one year for $600.00 in the appellant company from its agent T. J. Moren. At the expiration of the policy in October, 1909, the agent, following his usual custom, and without any further request, sent to appellee another policy in the same company for a like amount on the property for the year ending in October, 1910. It seems that appellee did not pay the premium on this policy until sometime in June, 1910, and he testifies that when he paid the premium, the following conversation took place between himself and the agent. "I says, now, Mr. Moren, I don't want my policy to lapse; I don't want to run out of insurance; I want to keep my property insured. And, I says, I want you to do just like you did this time and the last time. And he says, you need have no fear, that they wouldn't let my policy lapse. I then didn't give the matter any further attention." The agent admits having issued the policy in 1908, and the one in 1909, but denies that he had the conversation testified to by appellee, or that there was ever any agreement or understanding on his part that the policy that expired in October, 1910, would be renewed.

It was further shown in the evidence in behalf of appellee that it was the custom of Moren and other agents in London, Kentucky, where Moren did business, to keep up the insurance of their customers by the issual of new policies when the old ones expired, without any request on the part of the patrons to do so; and, appellee testified that he relied on this established custom of Moren, as well as upon the parol agreement made, and believed that a policy the same as he had been carrying had been issued to him for one year from October, 1910.

The court instructed the jury in substance that if they believed it was the custom of the defendant company after once securing patrons to issue renewals of its policies upon their expiration, and without notice to the policyholders, and charge the premiums to said policyholders, and thereafter collect same; and if they further believed that appellee about June, 1910, entered into an agreement with defendant's agent whereby at the expiration of the policy he then held the agent would renew the same by issuing another like policy, they should find for

appellee the amount sued for, $600.00, less $14.40, the premium due. This instruction is criticised upon the ground that it allowed a recovery in behalf of appellee if the jury believed it was customary to issue policies as indicated in the instruction. But the instruction did not authorize the jury to find a verdict in behalf of appellee if they believed the custom testified to existed. The matter in reference to the custom was evidently put into the instruction merely as a matter of inducement, because the jury were expressly told that they could not find for appellee unless they believed the agreement heretofore mentioned was made between appellee and Moren, the agent. The objection of counsel would be well taken if the instruction had authorized a recovery upon evidence of the custom spoken of. A recovery could not be sustained on a parol contract of insurance that was attempted to be rested alone upon a custom of the agent of the appellant company to renew without further notice or request policies of its patrons as they expired. Such a custom would not constitute a contract sufficient to support a cause of action for the recovery of insurance. If a recovery is sought upon the ground that a parol contract of insurance was made, there must be evidence independent of any custom to show that such a contract was in fact made. In view of the direction in the instruction that the jury should only find for appellee in the event they believed a parol contract of insurance was in fact made, the reference to the custom prevailing could not have misled the jury or have been prejudicial to the appellant company.

It is further insisted that the demurrer to the petition should have been sustained, as it did not state facts sufficient to constitute a cause of action. It is expressly charged in the petition that in June, 1910, "it was agreed between him and the defendant that in consideration of the usual annual premium then paid by him for the said policy of insurance, to-wit: $14.40, his policy was to be renewed on its expiration on October 22, 1910, for the period of one year upon the same terms and conditions and upon the same property situated at the same place as contained in the existing policy, and for the same amount; * * * that he was able and willing to pay the premium on the day the renewal should have been issued, and every day thereafter, upon the demand of the defendant or of the said Moren, or any of its agents,

but that the said Moren failed to issue a renewal policy, as he agreed to do."

We think the petition stated a good cause of action, and the demurrer to it was properly overruled.

We are also of the opinion that the evidence in behalf of appellee supported the averments of the petition and was sufficient to authorize the submission of the case to the jury.   In short, the testimony conduced to show the subject matter of the risk insured against, the amount of insurance, the rate of premium, the duration of the risk, and the company that was to issue the policy. It is true there is sharp conflict in the evidence  as  to whether the contract of insurance was in fact made, but this was a question for the jury to settle under proper instructions.   Hartford Fire Ins. Co. v. Trimble, 117 Ky., 583; Baldwin v. Phoenix Ins. Co., 21 Ky. L. R., 1090; Shawnee Fire Ins Co. v. Roll, 145 Ky., 113.

A further ground urged for reversal is that a new trial should have been granted on the ground of newly discovered evidence.   The agent of the appellant company filed an affidavit in which he stated certain material facts that he alleged would have been testified to by one Henry Lyons if his presence could have been procured on the trial.   The testimony of Lyons if obtained would only have been cumulative evidence as he would merely have corroborated the evidence that was given by Moren. For this reason we do not think the newly discovered evidence was sufficient to authorize the granting of a new trial.   In addition to this, we do not find in the record any affidavit by Lyons as to what he would have stated if introduced as a witness.   When a party desires to obtain a new trial on the ground of newly discovered evidence, he should, in addition to his own affidavit stating the reasons why the evidence was not procured and its materiality, file the affidavit of the proposed witness, setting out what he would testify to if introduced as a witness or if this affidavit cannot be obtained the affidavit of some other person who could state what the proposed witness would say.

We do not find in the record any prejudicial error, and the judgment is affirmed.