## Woodford v. Commonwealth.

(Decided September 25, 1913).

## Appeal from Jefferson Circuit Court (Criminal Division).

1. Larceny—Taking and Carrying Away Different Articles at Different Times—Instructions.—While two larcenies cannot be added together so as to sustain the charge of grand larceny, the evidence connects appellant with taking two automobile tires worth $40.00 apiece, and whether he made one or two trips for them he was guilty in either event. For these reasons the objection to the instruction is not well taken. The instruction directing his conviction if the jury believed he "unlawfully and feloniously, took, stole and carried away the various articles enumerated in the indictment of the aggregate value of $105.00, or of any of said property of the value of $20.00 or more."

2. New Trial—Newly Discovered Evidence—Affidavit Unsupported.—A motion for a new trial on the ground of newly discovered evidence should be supported by the affidavit of the witnesses that they will so state, or by some other evidence than the affidavit of the defendant.

AL. M. MARRET for appellant.

JAMES GARNETT, Attorney General; D. O. MYATT, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Nunn—Affirming.

The appellant was indicted and convicted of grand larceny. He was charged with stealing from Dr. Sanders, "two automobile tires of the value of $40 a piece, and one automobile tire of the value of $15, and two inner tubes of the value of $5 a piece," and of the aggregate value of $105.

The court instructed the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant before the finding of the indictment unlawfully and feloniously took, stole, and carried away the various articles enumerated in the indictment, "of the aggregate value of $105, or any of said property of the value of $20, or more" they should find the defendant guilty as charged.

Appellant claims that this instruction was prejudicial and erroneous, because under it the jury could find him guilty of grand larceny although they might believe that the articles were taken at different times, and that

he took nothing at any time worth as much as $20. In other words, he objects that the instruction directed the jury to convict him if the aggregate value of the articles taken, although at a number of different times, was more than $20.

This instruction is almost identical to one condemned in the case of Weaver v. Commonwealth, 27 Ky. L. R. 743, 86 S. W., 551, and we adhere to the doctrine of that case to the effect that two larcenies cannot be added together so as to sustain the charge of grand larceny. "Petty stealing by being often repeated is not raised to the crime of a felony." But there is this radical difference between the case at bar and the one cited.* * * Weaver was charged with taking and carrying away numerous articles of wearing apparel and other personal property belonging to Dr. Reynolds of the aggregate value of about $1,000. The evidence disclosed that the articles were taken at intervals and by different persons, but Weaver had been seen to take only a pair of silk stockings. The value of none of the things taken was shown separately. In the case at bar the proof shows pretty clearly that appellant was guilty of larceny, and connects him with the two automobile tires worth, according to the proof, $40 a piece. In fact, he is not directly connected by the proof with the taking of any of the other articles mentioned having a less value than $20. So that he was convicted for the larceny of the two tires, the value of either one of which exceeded $20, and whether he made one or two trips for them he was guilty in either event. As to whether the goods were taken at intervals, only one witness testifies, and that is Dr. Sanders. He says they were all taken at the same time. Perhaps his means and facilities for knowing this fact were faulty, and this could have been developed upon cross examination, but he was asked no other questions on this point. For these reasons we are of opinion his objection to the instruction in this case is not well taken.

His second complaint is the refusal of the lower court to grant him a new trial on the ground of newly discovered evidence. This new evidence he claims to be able to produce tends to show the great length of time the two tires had been used, and that, considering their use, they would be rated as second hand tires; and also that they were worth less than $20. While the new evidence offered is an opinion as to the value of the two tires, and this was a pertinent issue upon the trial, yet

he does not name a single witness who would swear they were worth in the aggregate less than $20 at the time they were stolen, and appellant's affidavit is unsupported by the affidavit of any other witness who would give such testimony. This was necessary under the ruling in Bowling v. Commonwealth, 148 Ky., 9, where a new trial was refused because "he did not support his affidavit by their affidavit that they would so state, or by the testimony of any other person."

Furthermore, while stating that he did not know of this evidence at the time of trial, he does not state sufficient reasons why he did not, or could not have known of its existence at that time.

Appellant also complains that he was not permitted to prove his good reputation for honesty. Passing the point as to the form and competency of his questions, it seems that he made no avowals as to what he expected his witnesses' answer would be, and upon this state of the record there is nothing for us to consider.

The judgment of the lower court is therefore affirmed.