## James Brennon as James Gannon v. Commonwealth.

(Decided May 3, 1916.)

### Appeal from Fayette Circuit Court.

1. Continuance—Absence of Counsel.—The absence of one or more attorneys representing a litigant is not a cause for a continuance, unless it is clearly made to appear that such litigant can not have a fair trial without the presence of such attorney, especially where he is represented by other attorneys, who are present.

2. Larceny—Elements—Intention.—One of the essential elements of a larceny is an intention to appropriate the property to such an extent as to permanently deprive the owner of his property in it, and if the taker of the property is in such condition of mind from drunkenness, that he is incapacitated to have such an intent, it is a good defense to a charge of larceny.

3. Trial—Instructions.—Before a court is required or justified in giving an instruction to the jury, which submits a defense for its consideration, there must be evidence upon which to base such an instruction.

4. Larceny—Intention.—The intent at the time of the taking and carrying away of the property is what determines whether such acts are larceny, and it is not controlled by any conclusions to which the taker thereafter arrives.

5. Criminal Law—New Trial.—The practice relating to granting new trials because of newly discovered evidence is the same in criminal as in civil cases.

6. New Trial—Newly Discovered Evidence.—When an application for a new trial on account of newly discovered evidence is made,

it must be accompanied by the affidavits of the newly discovered witnesses, setting out the facts to which they will testify, and the affidavit of the applicant stating that he did not know of the evidence before the trial and could not with reasonable diligence have discovered it previous to the trial.

7.  New Trial—Newly Discovered Evidence.—Newly discovered evidence, to justify granting a new trial must be important, and not merely cumulative, and when the point upon which the newly discovered evidence is sought to be used was in issue upon the trial, the newly discovered evidence must be important and of unerring character or must have a decisive influence upon the evidence to be overturned by it.

T. J. NORTH and HOBBS & FARMER for appellant.

M. M. LOGAN, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, a young man twenty-one years of age, was indicted in the Fayette circuit court for the crime of grand larceny, alleged to have been committed by feloniously taking, stealing and carrying away an automobile, the property of Ken Walker, of the value of $600.00, with the intent to appropriate it to his own use and to permanently deprive the owner of it. He plead not guilty to the indictment, and upon a trial he was found guilty by the jury and his punishment fixed at a term in the State Reformatory at Frankfort, Kentucky. His motion for a new trial being denied, he has brought his case to this court upon appeal.

The facts of the case, as appear from the evidence, seem to have been substantially as follows:

He and two associates having just arrived in Lexington from Cincinnati in an automobile, which they abandoned in the street at Lexington, and finding the automobile which they are alleged to have stolen standing near the Union Station, where the owner of it had temporarily left it, without any one's consent or knowledge, they took possession of it and getting into it immediately proceeded toward the city of Louisville. When they arrived in Louisville, it does not appear how long they remained there, but, as the appellant claims, they left there to go to Owensboro to visit relatives of one of the three, and when within three or four miles of Leitchfield, the gasoline, by which the machine was propelled, gave out and not being able to proceed any fur-

ther with the machine, they left it and proceeded immediately to the railroad and by it returned to their homes in Cincinnati. The owner, by means of the police, was able to locate his automobile within three or four days, when it was found in a garage at Leitchfield, Kentucky.

The appellant seeks a reversal of the judgment against him upon the following grounds:

First. That the court abused its discretion in not allowing him a continuance of the case when it was called for trial.

Second. Because the court, over his objection, permitted incompetent evidence to be heard by the jury, which was prejudicial to him.

Third. Because the court overruled his motion for a direct verdict of not guilty.

Fourth. That the court failed to instruct the jury upon the whole law of the case and thereby denied him the benefit of a valid defense which he had.

Fifth. That the court erred in refusing to grant him a new trial upon the ground of newly discovered evidence.

The appellant was arrested upon the charge about the 1st day of December, 1915, and committed to the jail in Lexington, where he remained until the 8th day of January, 1916, when the indictment was returned against him by the grand jury, and on the 10th day of January, thereafter, he was brought into court and his case set down for trial for the 19th day of January. When his case was called for trial on the 19th day of January, the only ground for a continuance of the case or a postponement of the trial, which was offered, was the affidavit of one of his attorneys, which was to the effect that he and his partner in the practice of law had been employed only two days theretofore to represent appellant upon the trial, and that the other member of the partnership was then absent in attendance upon the General Assembly of Kentucky, of which he was a member and which was then in session, and that the affiant had lately come from the state of Texas to this state and had been unable to familiarize himself with the facts of the case sufficiently to undertake the trial of it at that time.

The absence of one or more attorneys representing a defendant is not a cause for a continuance of the case, unless it is made clearly to appear that he cannot have

a fair trial without the presence of such attorney or attorneys, and especially so, where he is represented by other attorneys who are present. Caudill v. Com., 155 Ky. 578; Watkins v. Com., 149 Ky. 26; Kennedy v. Com., 32 R. 1381; Moore v. Com., 26 R. 356; Stephens v. Com., 9 R. 742; Brown v. Com., 7 R. 451; Cook v. Com., 114 Ky. 586; Howerton v. Com., 129 Ky. 482; Sheppard v. Com., 26 R. 698; Tolliver v. Com., 165 Ky. 312; Kelley v. Com., 165 Ky. 483. The application for a continuance is a matter addressed to the sound discretion of the court, and the judgment of the trial judge upon such application will not be interfered with, unless it can be shown that the court abused its discretion in denying the application. If the nature of the issues and the number of witnesses in a case and the particular facts expected to be proven by many of them are such that it would require much time and attention to become acquainted with them, and defendant has an attorney who has familiarized himself with them, and whose presence is indispensable to a fair presentation of his case, the unavoidable absence of such an attorney would doubtless be a good ground for a continuance or a postponement of the trial, but where the issues are simple, the witnesses and facts are few and without complication, and are such that an attorney may readily grasp all the knowledge of the facts and witnesses necessary to make a full presentation of the case within a short period of time, the absence of one of defendant's attorneys would not present any sufficient ground for a continuance. In the case at bar it appears that there were only three witnesses who were introduced for the State, and no one testified for the defense except the appellant himself. The issue was simple, the facts were few and without complication, and the appellant did not deny any statement made by any of the witnesses for the State. It does not appear that the attorney who was absent had any knowledge of the facts of the case or the witnesses, as he was in attendance upon the sessions of the General Assembly and in the performance of his duties as a member, and there is no claim or pretense that appellant was taken by surprise by the absence of such attorney. The appellant was represented upon his trial by one attorney, and there fails to appear any good reason why such attorney could not fully advise himself as to all the facts, which were or could be learned about

the case, in a few hours, and neither does it appear that such attorney was not fully acquainted with all that any attorney knew or could have known about it. It will be observed that the affidavit was prepared on the 18th day of January, and the case was not called for trial until the following day.

The alleged incompetent evidence which the court permitted to be heard by the jury, over the objection of the appellant, was the copy of a letter which appellant wrote to some of his friends upon the 5th day of December, very soon after his arrest, in which he directed the one to whom the letter was addressed to "tell Gore Williams and Rafe Ragland to leave town at once, because Ben Drake gave Dud Veal our names, and they will be pinched if they don't leave right away." The absence of the original letter was not accounted for, and it was not proven whether the letter had ever been forwarded to its intended destination or whether it was still in the hands of the officers. The admission of the copy was, however, not prejudicial, as the appellant admitted the authorship of the letter in his testimony and the correctness of the copy, and said that he had no explanation to make in regard to it.

It is contended for appellant that he gave evidence in his own behalf upon his trial which tended to prove, that at the time and place of the taking and carrying away of the automobile, his mental condition from drunkenness was such that he was not capable of entertaining or having an intent to steal, and that the court erred to the prejudice of his substantial rights in failing to instruct the jury, in substance, to the effect that it should find him not guilty if it believed from the evidence that at the time of taking and carrying away the automobile, that he was too drunk to have an intent to steal. It is true that one of the essential elements of larceny is a felonious intent or *animus furandi*, that is, the intent to feloniously and permanently deprive the owner of his property, at the time of taking possession of the property. That, when accused of larceny, a felonious intent being an essential element of the crime, the accused may show as a defense that at the time he committed the acts, which otherwise would constitute larceny, he was too drunk to have such an intent, there is no doubt. Williams v. Com., 113 Ky. 652; 68 S. W. 871; Terhune v. Com., 144 Ky. 370; Keeton v. Com., 92 Ky.

525; Kehoe v. Com., 149 Ky. 400; Mearns v. Com., 164 Ky. 213. Before, however, a court is required or justified in giving an instruction, which submits a defense to a jury for its consideration, there must be evidence upon which to base such an instruction. Unless there was evidence which tended to prove that the mental condition of appellant from drunkenness was such, at the time he committed the acts upon which he was accused of larceny, that he was not capable of having an intent to take the machine with the purpose of appropriating it to such an extent as to permanently deprive the owner of his property, then an instruction upon that subject was unauthorized, and no error was committed in failing to give such an instruction. The appellant was the only witness who gave testimony as to his mental condition at the time. There was no one who could so certainly know his mental condition as he knew it, and if he failed to state facts showing that he was too drunk to know his acts and their quality, it follows conclusively that he did not bring himself within the right to rely upon such a defense for his acts. There is a large difference between being drunk and being drunk to such an extent as not to know the acts one commits or their quality. "Mere drunkenness does not prevent the existence of the intent or the commission of the crime, and the fact that on prior occasions of intoxication defendant was bereft of reason is immaterial." 25 Cyc., 53. An examination of the testimony given by appellant shows that he and his associates were drinking; that they came into Lexington from Cincinnati in an automobile, which did not belong to either of them; that for a reason which he does not explain, they abandoned that machine upon Broadway street, in Lexington; that they found the machine which they are accused of stealing near the post office, and without the consent of the owner, got into it with the intent to take a ride in it, and while on his direct examination he says that he nor his companions knew where they were going, on his cross-examination he says that one of them had relatives in Louisville, and their intention was to go there. After they got to Louisville, they proceeded toward Owensboro to see relatives of the same one of his companions who were there, and purposed to leave the automobile there and go thence to Cincinnati; that when they had arrived within three or four miles of Leitchfield, the gasoline

gave out and they could carry the machine no further, and they left it beside the road. He further stated that about eight years ago he fell from a post and injured his head and that since that time, when he was drunk, his eyes became weak and his head dizzy. The only things, which he claims not to have known, were, who was the owner of the automobile; what street they took in leaving Lexington; to what place they were going; and that he did not know in what place they were when they arrived in Louisville. It is not necessary to constitute larceny, that one should know the name of the owner of the stolen property, or the name of the road over which he absconds with it. An entirely sober man would be unable to know the name of a city which he passes in a journey, unless he had been there before or some one should tell him upon his arrival. He says repeatedly that they got into the machine with the intention of taking a ride. This with his other statements affirmatively shows that instead of being incapacitated to have an intent to steal; according to his own statements he was capable of having an intent, and that his intent at the time was to take a ride in the automobile. He gives strong evidence of his intent when taking the machine when he fails to state that at any time or place he ever considered returning it to the owner. Considering all of his evidence together, it fails to constitute any evidence which would conduce to prove that he was too drunk when he took and carried away the automobile, to have an intent to steal.

The contention of appellant that the court should have sustained his motion to direct the jury to find him not guilty, because there was no evidence on the part of the Commonwealth which tended to prove, that when he took and carried away the automobile, that it was done with an intention to steal it, is wholly without merit. Truly, the taking and carrying away, to constitute larceny, must be done with the motive of permanently depriving the owner of his property in it. The proof is uncontradicted, that appellant and his associates took the car from the possession of the owner, without his knowledge or consent, from a place where he had left it in the street; that they appropriated it to their own use; that they hurriedly carried it from the place of the owner's residence to a distance of about one hundred and fifty or one hundred and sixty miles and left it at

night upon the road side, because they could run it no further; that one of them then proposed to go to Leitch-field and procure more gasoline; they never even considered returning the car to its owner, or giving him any notice of where it might be found; they left it in a distant part of the state, from Lexington, and in a community, where the proof fails to show that the owner had any acquaintances or that he knew anything of the country, and from where they must have reasonably expected that he would never be able to recover it. There is absence of proof that they intended at any time to return the car to the owner. The intent at the time of the taking and carrying away is what determines whether such acts are or are not larceny, and it is not governed by any conclusions to which the taker thereafter arrives. If appellant's intent at the time he took and carried away the car was to steal it, his conclusion thereafter to abandon it, when he could not longer safely keep it in his possession, or when it was no longer of any use to him, would not change his crime from larceny. The purpose of the appellant, at the time of the taking and asportation of the car, must be determined from all his acts, as well as his declarations. The evidence conducing to prove that his intent was to steal the car, the question was one for the jury and was properly submitted to it.

The practice relating to granting new trials because of newly discovered evidence is the same in criminal as in civil cases. Hays v. Com., 140 Ky. 184. When a new trial is sought upon the ground of newly discovered evidence, the affidavits of the new witnesses must be filed to sustain it. The affidavits must set out the facts to which the witnesses will testify, so that the court may judge as to whether or not the new evidence is of such a character as to justify a new trial of the case. The affidavit of the one seeking a new trial must be filed, wherein he must state that he did not know of the evidence before the trial, and could not with reasonable diligence have discovered it before the trial. Slone v. Slone, 2 Met. 339; Bowling v. Com., 148 Ky. 9; American Central Insurance Co. v. Hardin, 148 Ky. 246. In the grounds for a new trial in this case it is stated that the newly discovered witnesses are Mrs. Stassie Brennon, mother of the appellant, and two others, whose names are not given and whose affidavits are not filed.

The affidavit of the appellant does not disclose the names of the newly discovered witnesses nor any of the facts which they will prove. His affidavit merely says that since the trial he has discovered material evidence that he did not know of and by the exercise of reasonable diligence, could not have known of it before the trial. It can not be said whether the newly discovered evidence referred to in the affidavit of appellant is only that of the witnesses whose names are not disclosed, or whether he, also, has reference to the evidence expected to be given by his mother. In the affidavit which she makes and, also, in the grounds for a new trial, it is disclosed that she intended and was expected to be a witness at the trial and was only prevented by her failure to arrive in Lexington in time to testify at the trial. Hence, the testimony which she will make was known to appellant before the trial. He took no steps to secure the benefit of her evidence and did not ask for a continuance or postponement of the trial on account of her absence. He elected to take his chance and go to trial without it and he can not now be heard to ask a new trial so that he may have the benefit of it. The witnesses whose names are not disclosed and whose affidavits are not on file can not be considered, at all, because, in the absence of their affidavits, it can not be known whether their proposed testimony is such as can be heard upon the trial of the case at all.

Further, section 271 of the Criminal Code, provides that, ''If a verdict be rendered against the defendant, by which his substantial rights have been prejudiced,'' a new trial will be granted him if he has discovered important evidence in his favor since the verdict. The evidence must be important, it must not be merely cumulative, and when the point upon which the new evidence is sought to be used was in issue upon the trial, the newly discovered evidence must be important and of unerring character, or must have a decisive influence upon the evidence to be overturned by it. Mason v. Mason, 5 Bush 187; Allen v. Perry, 6 Bush 85; Bell v. Offutt, 10 Bush 632; Mitchell v. Berry, 1 Met. 602; Mercer v. Mercer, 87 Ky. 21; Owsley v. Owsley, 25 R. 1186; Torian v. Terrell, 122 Ky. 745. The affidavit of the mother of appellant disclosed that she would testify that when appellant was about eleven years of age he was thrown from a horse, resulting in a wound upon his head, which

bled freely and he was unconscious for several hours; that since that time he has been subject to severe headaches, which make him nervous and irritable, and he has not acted naturally, being easily controlled by others, and does not appear to be normal and bright as he was before the fall, and has ceased to be obedient and to remain at home, but has been disobedient, forgetful and of a roaming and restless disposition. It will be observed that this statement is a contradiction of appellant as to the manner in which he received the alleged injury upon the head. The theory of appellant's defense was that he was insane when drunk, and it does not appear how the evidence of his mother, as disclosed in her affidavit, could have any decisive influence upon the facts relied upon to prove his guilt or could in any way prove that he did not know what he did or the quality of his acts in connection with taking and carrying away the automobile, for which he was convicted of grand larceny.

Upon consideration of the whole case, it does not appear that appellant has suffered any prejudice in his substantial rights. and the judgment is affirmed.