## Quarles, By et al v. Denning, et al.

(Decided February 9, 1917.)

. 'Appeal from McCracken Circuit Court.

1. New Trial—Newly Discovered Evidence.—A new trial will not be granted because of newly discovered evidence, unless the affidavits of the newly discovered witnesses containing the evidence which they will give accompany the motion for a new trial.

2. Witnesses—Competency of Wife in Behalf of Defendants Other Than Husband.—Where there are several defendants to an action, the wife of one is a competent witness to testify to facts in behalf of the defendants, other than her husband, but the trial court, by proper instruction to the jury, should limit the effect of her testimony to the defendants other than her husband.

W. E. GILBERT for appellant.

W. A. BERRY for appellee, Denning.

W. V. EATON for appellee, Hickman.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This was an action in the McCracken circuit court by the appellant, Della Quarles, against the appellees, Homer Denning, Samuel Hickman and Norman Walters, by which the appellant sought to recover a judgment in damages against the appellees for an alleged assault and battery. In the petition, the appellant alleged that the appellees conspired together for the. purpose and that Norman Walters beat and bruised her on the head and body and forcibly held her while the appellee, Homer Denning, forcibly and against her will had sexual intercourse with her. The appellees, by their respective answers, denied all the allegations of the petition. A trial resulted in a verdict by the jury in favor of the appellees and a judgment of the court accordingly.

The appellant's motion for a new trial assigns five reasons for which she insists that the verdict of the jury and judgment of the court ought to be reversed and a new trial granted. The grounds are:

First: Because the verdict is not sustained by sufficient evidence, and is contrary to law.

Second: Newly discovered evidence, which she did not know of at the time of the trial, which is material to the issues, and which she could not have known of by the exercise of reasonable diligence.

Third: Errors of the court in admitting incompetent evidence offered by the appellees and prejudicial to her substantial rights.

Fourth: Because of errors of the court in rejecting competent evidence offered by her.

Fifth: Errors in the instructions to the jury.

(a) Including the parties to the action, there were thirty-four witnesses, who testified upon the trial and an affidavit was agreed to be read, which contained the testimony of two other witnesses. Without undertaking to make any particular statement of the testimony given by the witnesses, it is sufficient to say that the verdict of the jury seems to have been in accordance with the weight of the evidence, which was abundantly sufficient to sustain it, if the testimony of the witnesses was believed by it, and their credibility is a question for the jury. The issue in the case was submitted to the jury in very plain and direct language, and its verdict can not be said to be, for any reason, contrary to law.

(b.) Accompanying the motion for a new trial was the affidavit of appellant, in which it was stated that after the trial, she had been informed by one John Edwards, that he would make statements, which are corroborative of her testimony, and that she could, also prove by one Blalock, certain other facts and circumstances, which are competent as evidence and material upon the issue. The appellant, however, failed to procure or file with her motion for a new trial, or with her affidavit in support of it, an affidavit of either Edwards or Blalock, and no reason is given for the failure to file the affidavit of either one of the witnesses, except that with reference to Blalock, that he was then absent from the county. The well known rule so long adhered to by this court is, that a new trial will not be granted on account of newly discovered evidence, unless the affidavits of the newly discovered witnesses containing the evidence they will give upon another trial are filed with the motion for a new trial to sustain it. Bowling v. Commonwealth, 148 Ky. 9; 145 S. W. 1126; American Central Insr. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418; Slone v. Slone, 2 Met. 339; Ellis v. Commonwealth, 146 Ky. 715; Brennan v. Commonwealth, 169 Ky. 815.

(c.) The evidence which appellant insists was incompetent and admitted over her objection, and which was prejudicial to her for that reason, was the testi-

mony of the wife of the appellee, Norman Walters. The substance of her testimony was that she was at and spent the night at the dwelling house of Homer Denning, at which place the appellant, also, spent the night, having arrived there a few minutes after she claims that the assault complained of was made upon her, and the evidence of the witness only goes to the extent of proving that the dress which appellant wore upon that occasion was not muddy nor torn. The court overruling the objection of the appellant to this testimony, admonished the jury, that it should not consider it as evidence in behalf of the husband of the witness, but evidence only in behalf of the appellees, Denning and Hickman. The husband of the witness was not at the dwelling of Denning, at the time, about which his wife gave the testimony. Where there are several defendants to an action, the wife of one is a competent witness to testify to facts in behalf of the defendants, other than her husband, and in such a state of case, the court should limit the effect of her testimony to the defendants other than her husband, otherwise it would be within the power of a plaintiff to exclude testimony against himself by joining the husband of the witness as a defendant in the action. Dowly v. Lain, 25 R. 1157; Schoubachler's Admr. v. Mitchell, &c., 121 Ky. 498.

(d.) The rulings of the court, by which certain alleged competent evidence for the appellant was excluded from the consideration of the jury are: (1) The witness, Della Quarles, was testifying in regard to certain declarations made to her by appellee, Samuel Hickman, at her dwelling two days after the alleged assault complained of by the appellant, and when the witness had stated, ''He said he went out with the girl and met up with this man Denning and——'' At this point she was asked, ''Did he say what happened?'' Her further statement was objected to and the court sustained the objection, but no avowal is made as to what the witness would have stated if permitted to continue her statement. Any declaration made by the appellee, Hickman, at that time, which would conduce to show his guilt of the charge against him, is, without doubt, competent evidence as against him, but not being made in the presence of the other defendants, his admissions would not be competent evidence against them, as it would be merely hearsay as to them. The court below based its

ruling upon the ground that the declarations of Hickman only amounted to evidence against his co-defendants, but no avowal having been made as to what the witness would have stated if permitted to continue, it is impossible to say whether its exclusion was or was not prejudicial.

(e.) This witness was asked, what the condition of appellant was when she came home on the day after the alleged assault, and answered: "Mighty bad; she did not know any of us." The court excluded this answer upon the ground that it was a conclusion of the witness. She was permitted; however, to minutely describe all the appearances of injury upon the body of appellant, and she received the full benefit of the witness' evidence as to her condition.

(2) When Dr. B. L. Bradley, a witness for the appellant, was testifying with regard to an examination he made of appellant two days following the time of the alleged assault upon her, he was asked if he observed any indications there of appellant having had intercourse against her will and consent. This was objected to and the objection sustained by the court, and properly so, because it would have been impossible for the physician to have said whether the intercourse alleged to have been had was with or without her consent. The witness was permitted to state the physical appearances of the person of the appellant, and it was a question for the jury to determine from the evidence whether the intercourse had been with or without her consent, and as to whether or not the appellees or either of them was the guilty party. Some other complaints are made of exclusions of testimony, but we do not deem them of sufficient importance to advert to them.

(3) The instructions given to the jury embrace the entire law of the case, and there is no complaint made by the appellant, and there is no complaint which could be made of them.

This court can not undertake to determine whether the verdict of the jury should be one way or the other, when the only question is the credibility of the witnesses. If the testimony of the appellant and her witnesses is to be believed, she suffered a very grievous wrong at the hands of at least two of the appellees, but if the testimony of the appellees and their witnesses is to be believed, they are entirely guiltless of any wrongdoing

with reference to the appellant. The issue was squarely made and the jury heard all the evidence offered by either side as to the truth or falsity of the complaint of the appellant. There was ample evidence to sustain the verdict of the jury, and it is the judge of the credit and weight to be given to witnesses under such circumstances, and its verdict will not be disturbed because it is contended that the facts upon which the jury based its verdict were untrue, as that was a question for the jury.

The judgment is, therefore, affirmed.