## McIntosh v. Commonwealth.

(Decided May 22, 1925.)

### Appeal from Estill Circuit Court.

1. Homicide—Details of Prior Difficulty Incompetent.—Only the fact of prior difficulty between defendant and deceased was competent upon question of state of feeling, on trial for murder, and it was error to permit witnesses to describe difficulty in detail.

2. Homicide—Erroneous Admission of Details of Difficulty Between Defendant and Deceased Held Not Prejudicial, in View of Court's Instruction to Disregard.—Error in permitting witnesses to describe, in detail, difficulty between deceased and defendant which occurred six to eight months prior to homicide, held not to require reversal, in view of court's instruction to disregard all testimony relating to such difficulty, especially where it was not shown who was aggressor in such difficulty.

3. Criminal Law—New Trial for Newly Discovered Evidence Held Properly Denied.—Where defendant's motion for new trial for newly discovered evidence was supported only by his own affidavit, and not by affidavits of alleged newly discovered witnesses, and it was not shown why defendant did not ascertain before trial what such witnesses knew, held, that motion was properly denied.

EZART ASHCRAFT and H. E. HAY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clarke—Affirming.

Upon his trial for the murder of George Warner, appellant was convicted of voluntary manslaughter, and his punishment fixed at confinement in the penitentiary for sixteen years. For reversal he insists that the court erred in admitting incompetent evidence, and in refusing a new trial upon the ground of newly discovered evidence.

The killing occurred on the night of August 16, 1924, and there is no complaint of any of the evidence with reference to what happened at that time, or that same is insufficient to sustain the verdict. The complaint is of proof by four Commonwealth witnesses, Mrs. Lucy Newton, Bud McIntosh, James Ashcraft, and Lawrence Tipton, with reference to a previous difficulty between the decedent on the one side and the defendant and his brother upon the other. This difficulty occurred some six or eight months previous to the homicide, and the court erred in permitting these witnesses to describe in detail that difficulty, since only the fact itself was competent upon the question of the state of feeling between the parties at the time of the homicide.

But a new trial cannot be granted for this reason, since, after all the evidence was in, the court, of its own motion, admonished the jury as follows:

"Gentlemen of the jury, you will not consider the testimony of Mrs. Lucy Newton concerning the difficulty between George Warner and Bud McIntosh. The ojection is sustained to it and to all other testimony relating to that occurrence. You will not consider it at all."

Even without this admonition, it would be difficult to see how this evidence, though incompetent, could have been prejudicial to the appellant, since it does not appear who was the aggressor or at fault in that difficulty, and after having been admonished by the court that it was incompetent and should not be considered at all, we are sure appellant's substantial rights were not prejudiced in the least thereby.

Appellant's contention that the court erred in refusing to grant a new trial upon the ground of newly discovered evidence is wholly without merit. In support of his motion appellant filed only his own affidavit as to what Harrison Jones and Charley Estes would state

upon a new trial. The record discloses that defendant knew of the presence of both of these parties at the time of the difficulty, and that Estes was jointly indicted with him. There is no showing of diligence, or why defendant did not ascertain before his trial what these witnesses knew about the difficulty.

Besides, defendant did not support his own affidavit by affidavits of either of the alleged newly discovered witnesses, without which, under the well established rule in this state, he was not entitled to a new trial. Bowling v. Commonwealth, 148 Ky. 9, 145 S. W. 1126; Woodford v. Commonwealth, 154 Ky. 818, 159 S. W. 567; Brennon v. Commonwealth, 169 Ky. 815, 185 S. W. 489; Fleming v. Commonwealth, 175 Ky. 655, 194 S. W. 788; Johnson v. Commonwealth, 188 Ky. 391, 222 S. W. 106.

Failing to discover in the record any error prejudicial to the appellant's substantial rights, the judgment must be and is affirmed.