## Westchester Fire Insurance Company v. Cline et al.

(Decided October 9, 1928.)

### Appeal from Montgomery Circuit Court.

1. Insurance.—Issue whether house destroyed by fire was used for manufacture of moonshine whisky, so as to avoid policy for concealment or misrepresentation of facts material to risk, held for jury in action on fire policy.

2. New Trial.—Where new trial is sought by corporation on ground of newly discovered evidence, motion must be accompanied by affidavit of witness, or of agent or officer of corporation, stating substance of testimony, and affidavit of corporation's attorney is insufficient.

3. New Trial.—New trial, sought for newly discovered testimony of unnamed citizen, shown solely by affidavit of insurance company's attorney, that burned building contained coal oil stove and air compressor commonly used in manufacture of liquor, held properly refused, in suit on fire policy, defended on ground of misrepresentations concerning use of house, for failure to attach affidavit of witness, or of agent or officer of corporation, to the motion; where witness had testified for defendant corporation at the trial and was not shown to be unfriendly.

FRANK M. DRAKE and C. D. GRUBBS for appellant.

W. B. WHITE for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY.— Affirming.

The appellees, John Cline and Nettie Cline, were the joint owners of a 1½-story frame dwelling in Montgomery county, which with their household goods was insured by appellant, Westchester Fire Insurance Company, in the aggregate sum of $1,500. The building and practically all its contents were destroyed by fire, and, the insurance company having refused payment, this suit was instituted.

The company pleaded that, either at the time the policy was issued or thereafter, the building, with the knowledge of appellees, was used for the manufacture of

moonshine whisky, which use materially increased the hazard; that the insured had falsely represented the property to be occupied as a dwelling, and concealed the fact that intoxicating liquor was being made therein; that the company was misled in making the contract of insurance, and, had it known the alleged true conditions, the policy would not have been issued. To defeat payment, the company relied on the provisions in the policy to the effect that it should be void if the insured had concealed or misrepresented any material fact or circumstance concerning the insurance or subject thereof, or if the hazard be increased by any means within the control or knowledge of the insured.

On the trial the defendant properly assumed the burden of proof, to sustain which the following facts were shown: The sheriff and two deputies, accompanied by a federal prohibition agent, went to appellees' home on the afternoon of June 27, 1927, looking for a moonshine still. When they came within 100 yards of the dwelling they detected odors of still mash; whereupon two of the officers went direct to the house, and the other two went down a small hollow back of the house. On reaching the house, one of the men asked Mrs. Cline where her husband was, and she told them he was out in the field harrowing. She gave them a drink of water and brought out some chairs. While there they noticed some mash in the yard near the house, the quantity of which is only described as "not very much." After a short while these officers went out to their automobile near the barn, and in a few minutes Mr. Cline and the other officers came up from the field. They asked permission to search his home, which he declined to grant. While he was taking out his mules, smoke was seen issuing from under the eaves of the house, and, though his attention was called to the fire, he continued ungearing his team. All of the men, including Cline, then went to the house and got out as much of the furnishings as they could from the first floor. During the progress of the fire several barrels were disclosed in the second story, and afterwards the officers found in the embers an oblong copper boiler of 15 or 20 gallon capacity and a coil or worm. The boiler was such as is used in washing clothes, as well as in making whiskey. No top or cap to the boiler, nor pipe by which it and the coil might have been connected, were found, although search was made for them in the debris. Mrs. Cline told the officers at the time the receptacle was

found that it was her wash boiler. This was all the evidence introduced by appellant, except to prove the policy would not have been issued, had the company known there was a moonshine still in the building.

The appellees proved by Mrs. Cline and several other witnesses that there was no still or distilling operations carried on in the house. Their testimony is positive and unequivocal. By several witnesses appellees showed that the boiler found by the officers was used for boiling clothes and canning purposes; that the coil had been picked up by appellees' daughter at a place where it was thrown by Mr. Cline when he had torn up a still on his farm several weeks before; that the substance referred to by the officers as "still mash" was in fact a soured mixture of meal and skimmed milk prepared by Mrs. Cline and fed to her chickens, ducks, and turkeys, of which she had quite a flock. The barrels are accounted for as containing vinegar, potatoes, and canned fruit, stored on the second floor, as there was no cellar under the house. Mrs. Cline testified without contradiction that when the officers came to the house she invited them in, and when they did not do so she brought out some chairs for them. She was alone in the house when it caught on fire, and her explanation of the fire is that she had been burning in the grate some things taken from her wardrobe; that she was preparing to paper the room, and had cut the wall paper, put the trimmings on to burn, and then gone to the kitchen to get the paste. In 10 or 15 minutes she heard a "roaring," and came back into the room to find "everything on fire"; the paper trimmings having "turned over," as she expressed it. She had left some wall paper on the floor close to a fire-place, and the portieres or curtains over the stair entrance were not over two feet from the fire place. There had been no fire in the second story that day, or at any other time, as there was no flue or arrangement for having a fire up there.

It will be observed that there is little or no conflict in the evidence. The appellant showed conditions and circumstances sufficient to warrant the inference or conclusion that a moonshine still was being operated in the building, but the uncontradicted evidence introduced by appellees explained or accounted for these circumstances. Appellant contends the verdict is flagrantly against the evidence. We do not so consider it. Indeed, we hardly see how a different verdict could have been reached. Ap-

pellant was entitled to have the case submitted to the jury (Westchester Fire Insurance Co. v. Crume, 223 Ky. 707, 4 S. W. (2d) 716) which was done under instructions not complained of.

Another ground relied upon for a reversal of the judgment is that the trial court erred in not granting appellant a new trial on the ground of newly discovered evidence. One of counsel for appellant filed his affidavit, stating he had been informed by an unnamed citizen that he had information that there had been found in the debris of the burned building a coal oil stove and air compressor, which are articles used in the manufacture of liquor; that such facts were unknown to him at the time of the trial, and could not have been ascertained by the exercise of ordinary diligence; that this could be proved by one of the deputy sheriffs who had testified on the trial, but who had failed to disclose such facts to the affiant. We do not regard such evidence of sufficient probative effect as likely to change the result; but, whether it was or not, neither the affidavit of the witness nor of any agent or officer of appellant company is filed showing he would so testify. Such, it is well settled, is indispensable to consideration of the newly discovered evidence or its effect. Reliance Coal & Coke Co. v. L. & N. R. Co., 203 Ky. 1, 261 S. W. 609; American Central Insurance Co. v. Hardin, 148 Ky. 246, 146 S. W. 418; McIntosh v. Commonwealth, 209 Ky. 203, 272 S. W. 423.

Counsel for appellant concede this rule, but say it should not be applied in this instance, as the witness was not in their confidence or under their control. He had testified for appellant on the trial of the case as to what he had observed and found in the building, and so far as the record discloses he was not unfriendly to appellant. The court made no error in refusing a new trial.

The judgment is affirmed.