# Brown v. Union Packing Company, Incorporated, et al.

(Decided April 30, 1929.)

ROBERT E. GRUBBS, FOSTER E. DEWEES and GEORGE A. BRENT for appellant.

LEO WOLFORD, NATHAN KAHN, ROBERT WOODS and WILLIAM HAMILTON for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant instituted his suit in the Jefferson circuit court against the Union Packing Company; and the other appellees, seeking to recover the sum of $5,000 which he had paid for stock in the company. He alleged that the appellees other than the company were officers, directors, agents, and servants of the company. He alleged that the stock of the company was dealt in by the public, and that it was the duty of the directors, agents, employees and servants of it to know the exact value and condition of the corporation, and to know its assets, its indebtedness, and the actual value of its stock, and that they knowingly, fraudulently, and with the intention of deceiving the public, and to deceive all persons purchas-

ing stock of the company, and particularly to deceive the appellant, wrongfully and falsely represented that the stock was of the market value of more than $50 a share; that the assets of the corporation were of great value, and that it was in flourishing condition; that W. M. Taylor, acting for and in behalf of the corporation and the other appellees, fraudulently and falsely with the intention of deceiving appellant and with knowledge that his statements were false and untrue, represented, informed, and told the appellant at the time of the purchase of the stock that the corporation would be in operation within a period of 60 days; that this was on the 30th day of June, 1926, when he purchased 60 shares of stock; that thereafter, on or about September 8, 1926, Taylor sold him 20 additional shares of the stock upon like fraudulent representations, and at that time representing that the corporation was in operation and in a flourishing condition; that again on the 11th day of September, 1926, Taylor sold him 20 additional shares of the stock upon like representations; that he purchased the stock solely on the representations of Taylor which were false; and that otherwise he would not have purchased the stock. He alleged that the false representations made by Taylor were known to all of the appellees and were made with their consent; that the stock was worthless at the time he purchased it; and that he was thereby defrauded of his $5,000.

He further alleged that the appellees had failed to comply with the Act of March 23, 1926 (Laws 1926, c. 210), known as the "Blue Sky Law," in that they had failed to obtain authority from the Securities Commission of Kentucky to sell the stock of the company.

The answer of appellees contained a traverse of the allegations of the petition. As the petition was originally brought, W. M. Taylor, E. A. Wingfield, and Harry Cohen were made party defendants, but they were dismissed on motion of appellant.

At the conclusion of the evidence offered by appellant, the trial court sustained a motion made by appellees for an instruction directing the jury to return a verdict for them. This was on November 18, 1927. On December 15, 1927, the appellant entered a motion for a new trial setting up as his ground that since the trial he had discovered new and material evidence in his behalf. The nature of his newly discovered evidence was that one John H. Hicks had possession of the books of the

company, and that he believed he could prove by him from the books all information relative to the financial condition, status, transactions, and business of the Union Packing Company, and that he believed that Hicks would testify and that the books would indicate that at the time he purchased his stock one Nathan Pollack was secretary, assistant secretary, or an officer or director of the Union Packing Company; that he would further be able to show by Hicks, and by the books, that the packing company was insolvent at the time he purchased his stock, and that it was engaged in no business at the time other than selling, transferring, or otherwise disposing of or dealing in its capital stock; that the books would show other facts material to his cause of action which he had been unable to ascertain before his trial.

The stock which he purchased had been originally issued to Nathan Pollack, and Pollack had assigned it to Taylor, who sold it to appellant, and it was thereafter transferred on the books of the company to appellant.

In support of his motion for a new trial he filed the affidavit of one of his attorneys. There was no other ground embraced in the motion. On December 29, 1927, there was an order extending the time of appellant to file his bill of exceptions until March 16, 1928. The appellant filed his affidavit in support of his motion for a new trial in which he stated his belief that he could prove certain material facts by Hicks. There is an affidavit in the record filed by Morris W. Jones, trustee in bankruptcy of the Commonwealth Produce Company, the grantee of all the assets of the Union Packing Company, in which Jones stated that the books of the Union Packing Company had been continuously in his possession, and that this fact was well known to the attorneys representing appellant, and that they had called on affiant in his office and had examined the books prior to the trial of the case. The affidavit of John H. Hicks was also filed in which he contradicted the affidavits filed in support of the motion and grounds for a new trial. He stated that he was never at any time an agent, stockholder, director, or employee of the Union Packing Company, and that he at no time had any control over the books or records of that company, except as certain books and records came into his possession as secretary of the Commonwealth Produce Company which purchased the assets of the Union Packing Company; that the Commonwealth Produce

Company had been adjudged a bankrupt, and that all books and records of the Union Packing Company were turned over to Morris Jones, trustee in bankruptcy of the Commonwealth Produce Company; that he was in attendance at court during the progress of the trial of the case expecting to be called and ready to testify, but he was not called as a witness; that he was not in position to testify personally as to any position held by Mr. Pollack, but he would testify that he had examined the books of the Union Packing Company after they were turned over to the Commonwealth Produce Company, and that he had found nothing to indicate that any of the officers of the packing company had any connection or any knowledge whatever of the transaction between Taylor and the appellant in the sale of stock originally issued to Pollack.

The trial court overruled the motion for a new trial. This ruling was correct. Under the provisions of section 340, Civil Code, subsection 7, a party may be entitled to a new trial on the ground of newly discovered evidence material to his cause of action, or defense, which he could not, with reasonable diligence, have discovered and produced at the trial. The appellant failed to make a showing that he could not have discovered this evidence with reasonable diligence before the trial. As a matter of fact, if he had discovered the witness and produced him in court, it appears that the witness would not have testified to any fact which would have tended to support his cause of action.

No subpoena duces tecum was ever asked for or issued. There is nothing to show that the books would have disclosed that the company received the money which appellant paid to Taylor, and neither is there anything in connection with the motion for a new trial more substantial than a surmise on the part of appellant that the books of the company would disclose any knowledge of the company, or its officers, of the fraud practiced by Taylor on appellant, if there was any fraud. Where the evidence is merely cumulative, and where the motion is not supported by the affidavit of the witness who is to testify concerning the newly discovered facts, a motion for a new trial should not be sustained on the ground of newly discovered evidence. Bowling v. Comlth., 148 Ky. 9, 145 S. W. 1126; American Central Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418.

As pointed out, the only ground for a new trial embodied in the motion was newly discovered evidence. No other ground can be considered on this appeal. In actions tried before a jury a motion for a new trial must be made in all cases even though the case goes off on a peremptory instruction. Harper v. Harper, 73 Ky. (10 Bush) 447; McAllister v. Connecticut Mut. Life Ins. Co., 78 Ky. 531; Kistler v. Slaughter, 50 S. W. 529, 20 Ky. Law Rep. 1037; Commonwealth v. Standard Oil Co., 129 Ky. 546, 112 S. W. 632; Witt v. L. & E. Ry. Co., 158 Ky. 401, 165 S. W. 399; Whitmer v. Cardwell, 194 Ky. 351, 238 S. W. 1048; Board of Drainage Commissioners v. Illinois Cent. R. Co., 202 Ky. 735, 261 S. W. 236.

In the case of Whitmer v. Cardwell, supra, this court said: "Whatever, therefore, may be the existing rule of appellate practice in such cases where a jury is waived and the case submitted to the court we are confident that where there has been a jury trial no complaint of the giving of a peremptory instruction can be considered on appeal, in the absence of a motion for a new trial, notwithstanding the testimony is made a part of the record by a bill of exceptions, unless perhaps it should appear that there was absolutely no evidence to support the judgment."

There was no motion for a new trial on the ground that the court gave a peremptory instruction, and we are therefore not at liberty to consider whether his action was justified, as we cannot say that there was absolutely no evidence to support his ruling. We do not mean to intimate that the record does not support the trial court in sustaining the motion for a peremptory instruction.

Section 342, Civil Code, provides that the application for a new trial must be made at the term in which the verdict, or decision, is rendered, and except on the ground of newly discovered evidence it shall be made within three days after the verdict, or decision, is rendered unless unavoidably prevented. This provision of the Code has been so often upheld as mandatory that it would be a waste of time to cite authorities. Counsel for appellant misconceive the principles and rules of practice announced in the opinions which they cite.

Judgment affirmed.