## Crews v. Commonwealth.

(Decided December 15, 1914.)

### Appeal from Monroe Circuit Court.

Verdict—Sufficiency of Evidence.—When the evidence is conflicting but there is sufficient to sustain the finding of guilty by the jury, in a Commonwealth case, we will not direct that the verdict be set aside.

SHERMAN SPEAR, SPEAR & DENTON and JACKSON, DEN-HAM & COPASS for appellant.

JAMES GARNETT, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On a former appeal (see 155 Ky., 125) a judgment sentencing the appellant to imprisonment for life under an indictment charging her with the murder of her husband, was reversed on the ground that the evidence was not sufficient to sustain the verdict. The case was remanded for a new trial, and, on another trial, there was again a verdict finding the appellant guilty and fixing her punishment at imprisonment for life. From the judgment on that verdict this appeal is prosecuted, and the only ground urged for reversal is that the verdict was not supported by the evidence.

The facts of the case are set out at some length in the former opinion, and, for this reason, we do not think it necessary to re-state them here. On the last trial the Commonwealth strengthened its case by evidence that was not before the jury on the first trial, or, at least, that did not appear in the transcript of the evidence of the first trial brought to this court.

We have considered carefully the evidence, as well as briefs of counsel, and have reached the conclusion that,

while the evidence of appellant's guilt is not satisfactory, there is yet enough to sustain the finding of the jury. Of course, if the evidence were the same as on the first trial, we would again reverse the case for the same reason that it was before reversed. But the additional evidence secured by the Commonwealth in connection with the evidence on the first trial is, we think, sufficient to support the verdict. At any rate, the verdict is not so flagrantly against the evidence as to authorize us to reverse the case on this ground.

On the last trial the only witnesses in behalf of the appellant were herself and her son, Willie Knuckles, who was found guilty and sentenced to life imprisonment on the first trial, and who accepted without appealing the sentence imposed. On the trial of the case in which he was found guilty, he denied all connection with the murder, but, on the second trial, he testified that he killed Graven Crews and that the appellant had nothing to do with the commission of the crime. Evidently the jury attached no weight to his admission of guilt, and, under the circumstances, we are not disposed to find fault with their conclusion. The appellant gave, in substance, the same evidence that she did on the first trial, and so, putting aside the evidence of Willie Knuckles as not entitled to any weight, the only difference in the evidence on the first and second trials consists in the particulars in which the Commonwealth strengthened its case.

Counsel for appellant point out in their brief the additional evidence developed by the Commonwealth, but insist that it did not add anything to the force of the evidence introduced on the first trial.

It is true this additional evidence is not convincing, and yet we think it was with the jury to say whether, on the whole evidence, the appellant was guilty or not guilty of the crime charged.

It is further said that no instruction on the subject of a conspiracy with Willie Knuckles to commit the crime should have been given. But this is upon the theory that there was no evidence to justify such an instruction. But we think there was at least enough to let the jury determine the case.

Under the evidence in the record, if the jury had found the appellant not guilty, it could not be said that their finding was flagrantly against the evidence, nor can it be said that their finding of guilty is. The record leaves us in doubt as to whether or not appellant did commit

the crime or conspire with or aid or abet Willie Knuckles in its commission, but we think there was sufficient to let the jury pass on the question of fact, and, therefore, we affirm the judgment.