## Howard v. Strawbridge & Clothier.

(Decided May 27, 1915.)

### Appeal from Franklin Circuit Court.

Principal and Agent—Revocation of Agency—Necessity of Notice to Third Person.—The general rule is that the acts of a former general agent within the scope of his original authority, will, notwithstanding a revocation, continue to bind the former principal' to those parties who have been and still are dealing with him in good faith in reliance upon his former authority, until they have notice of the revocation.

LESLIE W. MORRIS for appellant.

BROWN & NUCKOLS for appellees.

Opinion of the Court by Judge Hannah—Affirming.

Strawbridge & Clothier, wholesale dealers in dry goods, of Philadelphia, sued W. A. and Mary T. Howard in the Franklin Circuit Court to recover on a note executed by W. A. Howard in the sum of six hundred dollars, subject to a credit of one hundred dollars, and there was a verdict and judgment in favor of the plaintiff. The defendant, Mary T. Howard, appeals.

It appears from the record that in December, 1909, Mrs. Howard, the appellant, engaged in the merchandise business in Frankfort, the business being managed by her husband, W. A. Howard, and conducted in the name of W. A. Howard, Agent.

The merchandise for which the note in question was executed, in part payment thereof, was purchased on February 15th, 1911, and Mrs. Howard's defense was that she had withdrawn from the business on February 1, 1911.

W. A. Howard, testifying for defendant, said that "beginning in December, 1909, he started in business for his wife, doing business as W. A. Howard, Agent" and continued to conduct the business as such agent up to February 1, 1911, on which day his wife withdrew therefrom, and thereafter had no connection with it; that he went to Philadelphia after his wife withdrew and purchased from appellees the goods for which the note was later given; that at the time of this purchase, he informed appellees of the withdrawal of his wife and of his intention to conduct the business himself; and that the credit was extended by appellees to him individually.

On the other hand, William H. Best, the credit manager for appellees, testified that Howard came to Philadelphia in November, 1909, and informed appellees that he, Howard, was going to conduct a merchandise business in Frankfort for and on behalf of his wife; that the money to be therein employed was his wife's; and that he was her agent with full powers to act and to transact business for her; that after investigating her financial responsibility, an account was permitted to be opened with appellees in the name of W. A. Howard, Agent, the first purchase being for the spring season of 1910; that appellees continued to sell her in the same way for the fall season of 1910 and the spring season of 1911; and that appellees never received any notice that Mrs. Howard had withdrawn from the business or that she had ceased to be the principal therein; and that the goods sold to Howard in February, 1911, were sold and shipped on the same basis and understanding as the previous shipments.

It will thus be seen that the issue presented was whether appellant had in fact withdrawn from the business before the sale of the goods in question; and if so, whether appellees had notice of such withdrawal at the time of such sale, or whether they sold the goods to. Howard on his individual credit.

The court instructed the jury that if Mrs. Howard was the owner of the business at the time the goods were sold, delivered and accepted they should find for plaintiff; and that though Mrs. Howard may have retired from the business before the goods in question were bought by Howard from appellees, unless they were notified of such withdrawal, they were entitled to recover; but that if the credit was extended to W. A. Howard individually, they should find for the defendant Mrs. Howard. Taken as a whole, these instructions substantially present the law of the case.

Appellant inquires: "Why should she (Mrs. Howard) be held liable because of her failure to give appellees notice of her withdrawal from the business?" The answer may be found in the following quotation from the opinion in Gragg v. Home Insurance Company, 107 S. W., 321, 32 R., 988.

"In Mechem on Agency, Sec. 224, it is said: 'Where a general authority is shown to have existed, it may be presumed to continue until it is shown to have been revoked and persons who have dealt with the agent as

such, or who have had notice of his authority, may very properly expect that if the authority be withdrawn, they will be given reasonable and timely notice of that fact, and they may therefore lawfully presume, in the absence of such notice, that the authority still continues; and it is, therefore, the general rule of the law that the acts of a former general agent within the scope of his original authority, will, notwithstanding the revocation, continue to bind the former principal to those parties who have been and are still dealing with him in good faith, in reliance upon his former authority, until they have notice of his revocation.' '' See also 31 Cyc., 1305.

2. Appellant complains of the failure of the trial court to give an instruction offered by her to the effect that even though the goods were purchased by W. A. Howard as agent, yet if appellees in settlement of the account accepted the individual note of Howard the jury should find for defendant.

There was no pleading or evidence upon which to base such an instruction. The defense was that the goods were sold to W. A. Howard and that credit was extended to him individually. There was no plea nor evidence upon the theory of a novation originated through the acceptance by appellee of Howard's individual note in settlement of Mrs. Howard's indebtedness.

It is true that after the proof was all in an amended answer was sought to be filed, which appellant claims alleged facts constituting a novation; and appellant strenuously complains of the action of the trial court in refusing to permit the filing thereof. But appellant is mistaken as to the effect of this pleading; it stated no additional or new defense. The original answer embraced all the defensive matter set up in this amended answer; that is, that the goods mentioned were sold to W. A. Howard, and that he executed his individual note for the balance due thereon, which appellees accepted.

There was no fact pleaded relative to the execution or acceptance of Howard's note as in payment of appellant's indebtedness that amounted to a plea of novation; nor did Howard himself testify to facts showing such a novation. He stated that the goods were purchased by him individually, and that the credit was extended to him individually after he had informed appellees of the withdrawal of Mrs. Howard from the business.

The trial court therefore properly refused the instruction offered. Instructions must be based on the pleadings and supported by proof; and there was nothing in the pleadings or proof to justify an instruction on the theory of a novation.

3. Appellant insists that the verdict of the jury is flagrantly against the evidence; but we do not think so. Best, the appellee's credit manager, testified that the goods were sold to the appellant; that is, that the husband purchased these in the same way as the previous purchases had been made and paid for by appellant; and that appellee had no notice of appellant's withdrawal at the time the last goods were sold.

John B. Lindsey testified that in July, 1911, he went to the store room where the appellant had been doing business; that appellant was there and said she was the owner of the stock, and offered to mortgage the same to him to secure a debt due from her to Louis Stix & Company, which Lindsey had in his hands as an attorney, for collection.

John Cannon, bookkeeper at the State National Bank, testified that an account had been opened in said bank in the name of W. A. Howard, Agent, in 1910 and deposits made on such account until February, 1913; and that a check for $264.40 paid to appellees on the account sued on, July 1, 1911, was drawn upon and paid out of the account of W. A. Howard, Agent.

There was also introduced in evidence the record in the suit of Louis Stix & Company against appellant, which was an action to recover a balance of $201.63; $185.41 of which was for goods purchased and charged to W. A. Howard, Agent, in the months of February and March, 1911. Appellee in her answer filed in that action admitted that she "purchased the goods, wares and merchandise at the time stated in the account," but set up other grounds of defense.

Appellant introduced but one witness, W. A. Howard, her husband. He contradicted Best relative to the matter of notice of appellant's withdrawal from the business, and said he thought the bank account above mentioned was in his individual name after February 1, 1911, and that the $264.40 was paid out of the income of the business obtained by him after February 1, 1911. He also explained the admission in the answer in the Stix case, by saying that when the answer was drawn, the atten-

tion of its draftsman was called to the fact that part of the goods stated in the account sued on were purchased after February 1, 1911, and that Mrs. Howard was not liable therefor, but that as no notice had been given to Stix & Company of her withdrawal, and the account had been opened in the name of W. A. Howard, Agent, prior to February 1, 1911, he was advised by counsel that the claim of a withdrawal from the business by Mrs. Howard would not present a defense to the claim sued on.

It seems to us that the jury was fully warranted in believing that the appellant did not in good faith withdraw from the business on February 1, 1911, or that if she did, appellees had no notice thereof.

4. Appellant further insists that her motion for a new trial should have been granted on the grounds of "accident and surprise as to the testimony of John B. Lindsey." She sets up in her affidavit that she was ill and unable to attend the trial, and that had she been present she would have testified that she said to Lindsey on the occasion mentioned by him, that "Here is the stock; it belongs to Mr. Howard, and it is good for the debt, and you can take it for the debt so far as I am concerned;" and that she did not make the statement testified to by him.

However, the record shows that upon the calling of the case for trial, appellant announced ready by counsel, although she herself was not present on that day on account of her illness; and there was no motion made for a continuance or postponement of the trial on account of this evidence at the time it was given. To entitle a party to a new trial under such circumstances, there should be a motion made at the time for a postponement or continuance; the party may not speculate on the probability of a verdict, and then if same prove unfavorable, claim the right to a new trial.

We do not think the trial court erred in refusing to grant appellant a new trial; nor do we find that the substantial rights of appellant were prejudiced by any error.

The judgment is therefore affirmed.