## Commonwealth v. Holliday, et al.

### Same v. Same.

(Decided October 22, 1915.)

## Appeals from Washington Circuit Court.

1. Indictment and Information—Duplicity.—Where the accusative part of an indictment describes an offense denounced by a section of the Statutes, and the descriptive part states an offense under that section, the fact that there is in the descriptive part certain surplusage which might have reference to the crime denounced in another section of the Statutes, does not make it bad on account of duplicity. The indictment will be held good under the section referred to in the accusative part.

2. Indictment and Information—Bill of Particulars—Conversion.—An indictment charging the conversion of personal property, under section 1358a, which is general in its allegations as to the personal property alleged to have been converted, is good on demurrer, but whenever such an indictment has a general charge in it which is good, but which does not sufficiently describe the property alleged to have been converted, the court may require the Commonwealth to file a bill of particulars.

JAMES GARNETT, Attorney General, and C. S. HILL, Commonwealth's Attorney, for appellant.

W. C. McCHORD for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

These two appeals present the same question and will be disposed of together.

The indictment against Holliday alone charges him with "the crime of unlawfully, fraudulently and feloniously converting to his own use property of value, the property of another, without the consent of the owner thereof, he then and there being the agent, servant and collector of and for said owner of said property, committed as follows, viz: The said Erastus Holliday on the ...... day of June, 1913, and before the finding of this indictment, in the county and Commonwealth aforesaid, he then and there being the agent, servant and collector of and for the George Bohon Company, a corporation duly incorporated under the laws of the State of Kentucky and doing business at Harrodsburg, Kentucky, did unlawfully, fraudulently and feloniously and without the consent of said George Bohon Company convert to his own use one note for and of the value of one hundred dollars executed by Arthur Graham to said company by giving said note to said Graham for one horse and then selling said horse and converting the proceeds of sale to his own use, amounting to more than twenty dollars and as much as one hundred dollars with the fraudulent and felonious intent then and there to permanently deprive the said owner of its property therein, a further description of which is to the grand jurors unknown, the personal property of said George Bohon Company, which said note had then and there been entrusted to the care and custody of said Holliday for collection by reason of and virtue of said relationship of agency, service and collectorship existing as aforesaid."

The indictment against Holliday and Masters charges them, while doing business as a firm, with "the crime of unlawfully, fraudulently and feloniously converting to their own use property of value, the property of another, without the consent of the owner thereof, they then and there being joint agents, servants and collectors of and for said owner of said property, committed as follows, viz: The said Erastus Holliday and Proctor Masters, doing business under the firm name of Holliday and Masters, on the ........ day of June, 1913, and within twelve months before the finding of this indictment in the county and Commonwealth aforesaid, they then and there being the joint agents, servants and collectors of and for the George Bohon Company, a corporation duly incorporated under the laws of the State of Kentucky and doing business at Harrodsburg, Kentucky, did unlawfully, fraudu-

lently and feloniously and without the consent of said George Bohon Company convert to their own use buggies, wagons and good and solvent notes of the value of more than two thousand dollars with the fraudulent and fel-onious intent then and there to permanently deprive the said owner of its property therein, a further description of which property is to the grand jurors unknown, the personal property of the said George Bohon Company, which said buggies, wagons and notes had then and there been entrusted to the care and custody of said Holliday and Masters by reason and virtue of said relationship of agency, service and collectorship existing as aforesaid.''

The lower court sustained a demurrer to each of these indictments and the Commonwealth has appealed.

While the record does not disclose the ground upon which the demurrers were sustained, we assume from the brief of counsel for appellees that it was because, in the opinion of the lower court more than one offense was charged in each indictment, or because neither of the indictments was sufficiently direct and certain as to the offense charged.

Section 1202 of the Kentucky Statutes reads as follows:

''If any officer, agent, clerk or servant of any bank or corporation shall embezzle, or fraudulently convert to his own use or the use of another, bullion, money, bank notes, or any effects or property belonging to such bank or corporation, or other corporation or any person, which shall have come to his possession or been placed in his care or under his management as such officer, agent, clerk or servant, he and the person to whose use the same was fraudulently converted, if he assented thereto, shall be confined in the penitentiary for not less than one nor more than ten years.''

And section 1358a provides as follows:

''That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years; if the money, property, or thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars.''

The contention of the appellees is (1) that they were unable to tell from the indictments whether they were charged with the offense of embezzlement under section 1202 or whether they were charged with the offense of converting property of another without his consent under section 1358a; and (2) that in the indictment against Holliday alone it was uncertain whether he was charged with the offense of converting to his own use a note, or whether he was charged with converting to his own use a horse, or whether he was charged with converting to his own use money of greater value than twenty dollars; and, (3) that the charge in the indictment against Holliday and Masters that they had fraudulently converted to their own use buggies, wagons and notes was too general and did not sufficiently apprise them of the charge against them.

It will be observed that the crime denounced by section 1202 is against any officer or agent of a bank or other corporation who shall fraudulently convert to his own use the property or effects of such corporation, while the offense described in section 1358a is against all persons who shall convert to their own use property of another without the consent of the owner, and applies whether the defendant is an officer or agent of the owner or not, and does not depend upon whether the owner is a bank or other corporation.

These indictments in the accusative part clearly do not refer to the offense described in section 1202, for in that part of the indictment there is no reference, whatever, to the fact that the owner of the property was a corporation; but when the draughtsman of the indictments came to the descriptive part he used language which would indicate that he had both sections in mind, and charged more than was necessary to make the indictment good under section 1358a, which he had plainly started to do as shown by the accusative part.

The recent case of Drury v. Commonwealth, 162 Ky., 123, was where the indictment was objected to because it was said it charged two offenses. The indictment was under section 1164 of the Kentucky Statutes denouncing the crime of breaking into and entering a store house with intent to steal, and the indictment in addition to alleging the breaking into with intent to steal, alleged that the defendant did take, steal and carry away therefrom certain personal property. It was urged that this

was also an indictment under section 1162 Kentucky Statutes describing the offense of feloniously entering and breaking into a dwelling house and stealing therefrom things of value, and this court in answering that argument, said:

"While in this case it would be sufficient in the accusative part of the indictment to charge that the defendant feloniously broke into the store house with the intent to steal therefrom, the additional allegation that he did feloniously steal therefrom articles of value, does not create any duplicity in the indictment and does not vitiate it. Neither do the allegations in the descriptive portion of the indictment, which charge that the accused did feloniously take, steal, and carry away articles of value from said saloon, giving the name of the owner of the property, create any duplicity in the indictment or vitiate it."

The accusative part of each of the indictments in this case unmistakably describes the offense denounced by section 1358a, and the fact that there is in the descriptive part certain surplusage which might have had reference to the crime denounced by section 1202 does not make it bad on account of duplicity.

Taking the indictments as a whole and considering all of the allegations it is fairly apparent that they charge the offense described by section 1358a, and are not open to the charge of duplicity. The difference between the accusative part of the indictment and the descriptive part is not so substantial as to be fatal to their sufficiency on demurrer. Overstreet v. Commonwealth, 147 Ky., 471.

On the second proposition there is little difficulty; the charge against Holliday in the indictment that he without the consent of the owner converted to his own use one note of the value of $100 by giving said note to Graham for one horse and then selling the horse and converting the proceeds of the sale to his own use amounts in the final analysis only to a charge of converting to his own use the money of another and setting forth in a descriptive way the source from which the money came.

The charge in the other indictment that Holliday and Masters converted to their own use buggies, wagons and solvent notes to the value of more than two thousand dollars is said to be too general and not sufficiently descriptive of the property charged to have been converted.

vol 166—13

It is quite true that the indictment is very general in its allegations as to the personal property alleged to have been converted by Holliday and Masters; but a demurrer is not the proper way to reach this question; it is within the discretion of the trial court whenever an indictment has a general charge in it which is good on demurrer, but which does not sufficiently point out or describe the property alleged to have been converted to require the Commonwealth to file a bill of particulars so that the defendant may know the particular property which he is charged with converting. Bailey v. Commonwealth, 130 Ky., 301.

Treating as surplusage the unnecessary allegations in each of these indictments an offense was charged under section 1358a, and the demurrers should have been overruled.

For the reasons given the judgment is reversed with directions to overrule the demurrers.