## Milburn v. Commonwealth.

(Decided October 3, 1924.)

### Appeal from Daviess Circuit Court.

1. Intoxicating Liquors—Warrant Need Not Name Party to whom Accused Sold Liquor.—Warrant charging unlawful sale of liquor need not name party to whom accused is alleged to have sold liquor.

2. Indictment and Information—Court should Require Bill of Particulars where Warrant Does Not Name Alleged Vendee of Liquor. —Where warrant charging unlawful sale of liquor does not name vendee, court should require Commonwealth to furnish bill of particulars if asked for.

3. Criminal Law—Conviction Not Reversed Because Jury Believed One Set of Witnesses Rather than Another.—Conviction will not

be reversed because jury believed one set of witnesses rather than another.

4. Criminal Law—Errors in Instructions in Magistrate's Court Immaterial where Case Tried De Novo.—Errors in instructions in magistrate's court were immaterial where case was tried de novo in circuit court.

5. Criminal Law—Any Error in Instruction Held Not Prejudicial in View of Evidence.—If it was error to fail to give date of issual of warrant in instruction in prosecution for unlawful sale of intoxicating liquors, it was not prejudicial where warrant was read to jury, and there was no conflict in testimony about date of sale.

6. Criminal Law—Complaints as to Admission of Evidence Not Considered in Absence of Objections.—In absence of objections to its admission, reviewing court cannot consider complaints as to admission of evidence.

FLOYD J. LASWELL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Appellant was found guilty of selling intoxicating liquor, and his punishment fixed at a fine of $300.00 and confinement in the county jail for sixty days. Appellant was arrested under a warrant issued January 28, 1924, by J. F. Hite, justice of the peace of Daviess county. He was convicted and his punishment fixed at a fine of $200.00 and thirty days in jail. He appealed to the Daviess circuit court, with the result noted above. He has appealed to this court, and now complains that the verdict is not supported by the evidence and that the instructions given were erroneous; and that the warrant was insufficient because it failed to name in the warrant the party to whom the appellant is alleged to have sold this liquor. It was not necessary that the warrant give the name of the vendee of the liquor.

See Bitzer v. Com., 141 Ky. 58, 132 S. W. 179. It would have been better had it done so, and if the accused had asked for a bill of particulars, the court should have required the Commonwealth to furnish one. Overstreet v. Com., 147 Ky. 471, 144 S. W. 751; Clary v. Com., 163 Ky. 48, 173 S. W. 171; Com. v. Holliday, 166 Ky. 381, 179 S. W. 235.

Two witnesses swore positively that appellant sold them two drinks of white whiskey, while appellant and

three witnesses who were present at the time the prosecuting witnesses claim to have made this purchase, swore just as positively that he did not sell them anything.

A jury of six men in the magistrate's court and a jury of twelve men in the circuit court heard this evidence, and in each instance the jury believed the prosecuting witnesses. These jurymen were the appellant's fellow countymen, and they saw the witnesses face to face, and heard them testify. A judgment will not be reversed because the jury believed one set of witnesses rather than another. Conners v. Com., 152 Ky. 57, 153 S. W. 16; Cornett v. Com., 156 Ky. 795, 162 S. W. 112; Crews v. Com., 161 Ky. 614, 171 S. W. 188; May v. Com., 164 Ky. 109, 175 S. W. 17.

Appellant further complains in his brief of the instructions given in the magistrate's court, but as this case was tried *de novo* in the circuit court, it makes no difference how erroneous the instructions may have been in the magistrate's court.

Appellant complains of the instruction of the circuit court because that instruction did not fix a definite day upon which the sale was made, and did not name the date that the warrant was issued. Appellant insists that the court should, in the instruction, have given the date whereon the warrant was issued. We concede that it would have been better if the court had done so, but the record shows that the warrant was read to the jury. There is no conflict in the testimony about the date the sale was alleged to have been made; that date was so well known that appellant was able to produce three witnesses who testified they were present at the time it was claimed the sale was made. Appellant was in no way prejudiced by the failure of the court to embody in the instruction the date upon which the warrant was issued. Frey v. Com., 169 Ky. 528, 184 S. W. 896. The appellant also complains that incompetent and irrelevant testimony was admitted against him, but we have examined the stenographer's transcript of the evidence and we fail to find where a single objection was made by the appellant to any of this evidence. He complains that the court erred in refusing to permit him to introduce competent testimony offered by him. The stenographer's transcript of the evidence fails to show any evidence which he offered that the court did not permit to go to the jury.

The judgment is affirmed.