## Easterling v. Commonwealth.

(Decided November 12, 1926.)

Appeal from Letcher Circuit Court.

1. Homicide—Indictment for Assault to Kill, Omitting Words "With a Deadly Weapon" from Accusatory Part, Held Not Bad (Ky. Stats., Section 1166).—Indictment, under Ky. Stats. section 1166, for malicious striking and wounding with intent to kill, held not

bad because words "with a deadly weapon" in descriptive part were not used in accusatory part.

2. Indictment and Information.—Strict common-law rules of technical construction of indictment no longer prevail.

3. Indictment and Information—Indictment, Sufficient to Enable One of Common Understanding to Know Charge, and to Enable Court to Pronounce Judgment, is Not Bad for Error in Form of Expression.—Indictment, stating charge, when considered as whole, with sufficient clearness and certainty to enable person of common understanding to know what he is charged with and enable court to pronounce judgment, is not bad because of error in form of expression.

4. Homicide—Error in Permitting Nonexperts to Testify, in Trial for Assault to Kill, that Bottle was Deadly Weapon, Need Not be Considered on Appeal from Conviction of Assault and Battery.—Whether court erred in permitting alleged nonexpert witnesses to testify, in trial for malicious striking and wounding with intent to kill, that bottle used was a deadly weapon need not be considered, where defendant was only convicted of assault and battery.

5. Criminal Law.—Exception to instruction, of which appellant makes no complaint in brief, will be treated as waived.

6. Criminal Law.—Errors in instructions as to felony charge under which defendant was not convicted need not be considered.

7. Criminal Law.—Judgment will not be reversed because jury believed one set of witnesses rather than another.

R. MONROE FIELDS for appellant

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, whom we shall call the defendant, indicted under section 1166 of the statutes for malicious striking and wounding with intent to kill, was convicted of assault and battery, and his punishment fixed at a fine of $300.00 and 60 days in jail.

Defendant asks a reversal because his demurrer to the indictment was overruled, his position being that this was erroneous because the words, "with a deadly weapon," were not used in the accusatory part of the indictment, though they were used in the descriptive part. The strict common law rules of technical construction no longer prevail. If, when considered as a whole, the charge is stated with sufficient clearness and certainty to enable a person of common understanding to know what he is charged with, and to enable the court to

pronounce judgment, no error in form of expression will make the indictment bad. Meredith v. Com., 199 Ky. 544, 252 S. W. 894; Overstreet v. Com., 147 Ky. 471, 144 S. W. 751.

He objected to evidence offered by the Commonwealth in an effort to show that the bottle with which he struck his victim was a deadly weapon. His theory is that the jury had that question to determine. It had before it the bottle used, the defendant who was charged with having used it, the manner in which it was claimed to have been used and had been detailed by the witnesses, and defendant contends that the court should not have permitted nonexpert witnesses, as he calls them, to testify as to whether or not such a bottle was a deadly weapon. It is not necessary for us to consider this question, for the jury either did not believe the bottle to be a deadly weapon at all, or was not a deadly weapon when used as the proof shows it was used in this case, as the defendant was only convicted of assault and battery.

The assault and battery instruction was No. 4, and defendant makes no complaint of it in his brief, hence his exception reserved to it will be treated as waived. Caudill v. Caudill, 212 Ky. 433, 279 S. W. 656. It is not necessary to consider the alleged errors in the instructions relating to the felony charge, as he was not convicted under them.

His final contention is that the verdict is contrary to the evidence. According to the evidence for the defendant, he did not strike the prosecuting witness at all, yet the witnesses for the Commonwealth swear positively that he did. "A judgment will not be reversed because the jury believed one set of witnesses rather than another." Milburn v. Com., 204 Ky. 692, 265 S. W. 25.

The judgment is affirmed.