## Roark, et al. v. Commonwealth.

(Decided October 7, 1927.)

### Appeal from Harlan Circuit Court.

1. Criminal Law.—Defendant in criminal prosecution cannot complain of instruction on reasonable doubt so long as it presents his rights as defined in Criminal Code of Practice, sec. 238; it being better practice to give such instruction in language of Code itself.

2. Criminal Law.—To obtain reversal of conviction for newly discovered evidence, defendants must file affidavit of newly discovered witnesses, or affidavit of some other person who can state what proposed witness will say, in addition to defendants' affidavit setting forth names of such witnesses and substance of what they will say.

3. Criminal Law.—Where evidence is conflicting, reviewing court will not reverse because jury believed one set of witnesses rather than another.

4. Criminal Law.—In prosecution for confederating to intimidate, alarm, and disturb other persons, witness' testimony that she "thought" it was defendant she heard outside building where she stayed held sufficient identification, since that was another way of saying that she recognized the voice as his.

5. Criminal Law.—In criminal prosecution, defendant cannot complain of surprise by statement of certain witnesses, where their names were on indictment, since that was notice that they would be used as witnesses against him.

6. Criminal Law.—As general rule, party is not entitled to new trial on ground that he was surprised by testimony of adversary in criminal prosecution.

7. Criminal Law.—To entitle defendant to new trial for surprise by statement of state's witness, motion should be made at the time for postponement or continuance, since party cannot speculate on probability of verdict and then claim right to new trial if it is unfavorable.

8. Criminal Law.—Where defendant testified that he had stated he would have whipped witness had he been there when she whipped boy, he cannot complain that he was surprised by similar statement made my state's witness.

BROCK & JONES for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Haskel Roark and Nathan Marcum, whom we shall refer to as the defendants, upon their trial under an indictment charging them with unlawfully confederating and banding themselves together for the purpose of intimidating, alarming, and disturbing other persons, were found guilty and the punishment of each of them fixed at confinement in the penitentiary for one year.

There is in Harlan county a community house known as the Brownie Creek Community House. Miss Reva Guthrie, a community worker, and Miss Elsie Walker, a teacher, occupied some rooms in the upper part of this building. About 9:30 in the night of Tuesday, November 3, 1925, some parties appeared on the outside of that building. A stone was thrown through the window of the room in which the women were. Parts of the sash and four lights were broken out thereby, whereupon some one on the outside called out, "Another light out." Next a noise was heard at the front door, as of some one trying to break in. Some one was heard to call, "John Red, come help me get in here." Miss Guthrie went to the window, looked out, and says she saw and recognized Nathan Marcum. Miss Guthrie was asked whose voice it was that she heard, and she answered, "Haskel Roark's." When asked how she knew, she said, "I thought I recognized his voice as the man that spoke that." She said that she had known Haskel Roark nearly four years, had heard him talk a good many times, frequently enough that she knew his voice. The women were alarmed and began to scream. They ran out of the house and went to the house of a neighbor. This

neighbor took them in and then went to the community house where he found the broken window and the broken latch on the screen door. There was proof that in August previous Miss Guthrie had corrected one of Roark's children, which angered him, and there was proof that he had said "he would cut her d——d guts out." The defendants endeavored to establish an alibi, but the jury found against them.

They are complaining of the instruction given on reasonable doubt, and insist that the court should have given the jury an instruction similar to instruction 5 in the case of Commonwealth v. Ellis, 133 Ky. 625, 118 S. W. 973. We have no criticism to make of the instruction in the case of Commonwealth v. Ellis, nor any of the instructions given in this case. Both are correct presentations of the law. So long as there is presented to the jury the defendant's rights as defined in section 238, Criminal Code, he cannot complain, and we have often written that it would be better practice to give this instruction in the language of the Code itself.

Another ground relied on for reversal is newly discovered evidence, and the defendants have filed their affidavit setting forth the names of these newly discovered witnesses and the substance of what they would say, but no affidavit of the newly discovered witnesses themselves was filed. In the case of American Central Ins. Co. v. Hardin, 148 Ky. 246, 146 S. W. 418, we wrote this:

> "When a party desires to obtain a new trial on the ground of newly discovered evidence, he should, in addition to his own affidavit stating the reasons why the evidence was not procured and its materiality, file the affidavit of the proposed witness setting out what he would testify to if introduced as a witness or if this affidavit cannot be obtained the affidavit of some other person who could state what the proposed witness would say."

Practically as much was said in Bowling v. Commonwealth, 148 Ky. 9, 145 S. W. 1126, and Slone v. Slone, 2 Metc. 339. We could cite a number of other cases wherein we have adhered to this rule, and in the case of Reo Bus Lines Co. v. Dickey, 219 Ky. 307, 292 S. W. 791, we gave our reasons for its adoption.

Another question discussed is that the verdict is not sustained by the evidence. If the jury believed the evi-

dence of the witnesses for the commonwealth, they could not have found otherwise. We have often written that we will not reverse a case because the jury believed one set of witnesses rather than another. Easterling v. Commonwealth, 216 Ky. 541, 287 S. W. 972; Conners v. Commmonwealth, 152 Ky. 57, 153 S. W. 16; Cornett v. Commonwealth, 156 Ky. 795, 162 S. W. 112; Crews v. Commonwealth, 161 Ky. 614, 171 S. W. 188; May v. Commonwealth, 164 Ky. 109, 175 S. W. 17; Milburn v. Commonwealth, 204 Ky. 692, 265 S. W. 25.

On behalf of Haskel Roark, it is argued that there was no evidence against him; that Miss Guthrie did not testify that she knew it was Haskel Roark she heard talking, but said she thought it was Haskel Roark. In the case of Dublin & S. W. Ry. Co. v. Akerman, 2 Ga. App. 746, 59 S. E. 10, Judge Roberts had been counsel for this railway company, and in testifying about the position Mr. Rentz held, Judge Roberts said:

"I think Mr. Rentz was president of the D. & S. W."

The court in that case in its opinion said this:

"It is said in the argument that there is no evidence of Mr. Rentz's official capacity; that Judge Roberts' testimony to that effect was prefaced by the words 'I think.' There is no rational distinction between the expression 'I think' and 'according to my recollection,' as applied to the testimony of a witness as to the existence of a fact which came within his personal knowledge."

Miss Guthrie's expression, "I thought it was Haskel Roark's voice," was just another way of saying that she recognized it as Haskel Roark's voice.

Haskel Roark is also complaining that he was surprised by the statement made by Garrett Daniels and his wife about the personal violence with which he had threatened Miss Guthrie. Their names were on the indictment. That was notice to him that they would be used as witnesses against him. As a general rule, a party is not entitled to a new trial on the ground that he was surprised by the testimony of his adversary. 20 R. C. L. 286. Moreover, "to entitle a party to a new trial under such circumstances, there should be a motion made at the time for a postponement or continuance; the party may not speculate on the probability of a verdict, and

then if same prove unfavorable, claim the right to a new trial.'' Howard v. Strawbridge, 165 Ky. 88, 176 S. W. 977. In his own evidence he admits that he had a conversation with Daniels and says that he said this:

> ''If I had been there I would have broken me a limb and whipped Miss Guthrie. She had no right to whip my boy.''

His own statement probably hurt him as much before the jury as the statement made by Daniels. There is no merit in his contention that he was taken by surprise.

The judgment is affirmed.