## McKenzie, et al. v. Commonwealth.

(Decided October 7, 1927.)

### Appeal from Johnson Circuit Court.

1.   Criminal Law.—In absence of showing in bill of exceptions relative to permitting stenographer to read evidence to jury in absence of defendants, set out as ground for new trial, alleged

error on such ground will not be considered on appeal, notwithstanding motion and grounds for new trial are included in bill of exceptions.

2.  Criminal Law.—Person admitting going with defendants and assisting them in commission of crime of which they were charged held to be "accomplice."

3  .Criminal Law.—Person assisting families of defendants in leaving country to join defendants after they had fled is at most only "accessory after the fact" and not accomplice.

4.  Criminal Law.—Person securing from defendant a portion of meat which defendant was alleged to have stolen, and which he told her at the time was stolen, held not to be an accomplice.

5.  Criminal Law.—In prosecution for housebreaking by entering a smokehouse and stealing bacon, evidence held to sufficiently corroborate testimony of accomplice and to sustain conviction.

6.  Criminal Law.—It is not necessary that corroborating evidence should be such that of itself it would authorize conviction nor that it should be equivalent to testimony of additional witness.

7.  Criminal Law.—Complicity of a witness in crime under investigation affects, not his competency as a witness or admissibility of his testimony, but his credibility as witness and the weight of his testimony.

8.  Criminal Law.—Complaint on appeal, based on questions and answers to which no objection was made at time of trial, is unavailing.

9.  Criminal Law.—In prosecution for housebreaking, testimony of witness as to going to place where "they said the meat was" and other testimony, if erroneously admitted as hearsay, held not prejudicial.

10. Criminal Law.—Indictment for housebreaking by entering a smokehouse and stealing bacon held to charge public offense, under Ky. Stats., sec. 1164, though failing to charge that smokehouse belonged to or was used with dwelling house; hence, though instruction should have been under such section instead of section 1162, complaint cannot be made thereof on appeal when not done in motion and ground for new trial.

11. Criminal Law.—It is for jury to determine which witnesses are telling the truth, and a case will not be reversed because jury believed one set of witnesses rather than another.

BLAIR & HARRINGTON for appellants.

FRANK E. DAUGHERTY, Attoraney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Cue McKenzie and Jess McKenzie, whom we shall call the defendants, were convicted of housebreaking, and

their punishment fixed at confinement in the penitentiary for two years each.  In the indictment against them, we find this:

"The said defendants, Jess McKenzie, Cue McKenzie, in the county of Johnson, on the 7th day of September, A. D. 1925, and before the finding of this indictment, did unlawfully and willfully, feloniously, and in the nighttime, break and enter into the smokehouse, property of W. B. Rice, for the purpose of stealing therefrom and did steal, take and carry away one middling of bacon of value, the property of W. B. Rice.  The taking of same and the entry into the smokehouse was against the will and without the consent of the owner and with the fraudulent intent to convert said property to their own use and benefit and to permanently deprive the owner thereof."

On the night of Sunday, April 26, 1925, the smokehouse of W. B. Rice was broken into and a flitch of bacon weighing about 40 or 50 pounds was taken therefrom. The loss of this bacon was soon discovered, and soon thereafter a warrant was issued for the arrest of the defendants.  They got information of the issue of the warrant, and fled the country, remaining away for several months before they were apprehended.  The evidence for the commonwealth is that on this Sunday night James Thompson, a young man about 20 years of age, had gone to the home of Jess McKenzie to call on one of his daughters, and, while there, the defendants, Jess and Cue, asked him to take a little walk, and he went with them.  They went to the smokehouse of W. B. Rice.  It was locked, and Jess effected an entrance by pulling a staple out of the door with a pair of plyers.  All three of them entered the smokehouse, and took therefrom a middling of bacon which was carried to the home of Jess McKenzie where it was divided.  Jess put his half in a box, which was placed in the loft of his home.  Cue took his half to his home.  Thompson got none of this bacon.  To establish this, the commonwealth depended on the evidence of James Thompson.  Dennis Blevins testified he was at Jess McKenzie's when the defendants came in, and saw the bacon divided between Jess and Cue.  He saw Jess put his half in the box and put it in the loft.  His wife, Mrs. Allie Blevins, testified that a few days after that

she got from Cue McKenzie some bacon; that it was cut up into little squares, and that Cue McKenzie told her it was cut up that way so that, if any one should see it, they would not recognize it; that they had stolen it from Rice. The defendants admit getting a side of bacon that night, which they divided between them, but they claim they bought this bacon from James Thompson, who brought it to Jess McKenzie's in a sack; that he said that he had brought it from his home and wanted to sell it to get money on which to go down the river.

The contention of the defendants is that this prosecution was "framed up" in order to compel them to leave the country and prevent their appearing against Dennie Blevins, Lonnie Salyer, and others upon a charge of violating the prohibition law, a prosecution which the defendants were in some way instrumental in having begun against these parties.

The defendants have not discussed their motion and grounds for a new trial in the order in which they were made, and we shall follow the order they have adopted. They have first discussed their third ground, which was "that the court erred in permitting the stenographer to read evidence to the jury in the absence of the defendants," and they cite the case of Kokas v. Com., 194 Ky. 44, 237 S. W. 1090, and other cases, in support of this contention. There is nothing in the bill of exceptions to show that this occurred, and, in the absence of such a showing in the bill, we cannot consider it. It is true that the defendants' motion and grounds for a new trial are included in the bill of exceptions, and defendants insist that is sufficient. We cannot make better disposition of this question than to cite what we said in the case of Hall, et al. v. Com., 196 Ky. 167, 244 S. W. 425:

"It is true that the motion for a new trial, with all the grounds contained therein, is copied into the bill of evidence, but that fact is not a certification by the judge that what is contained therein actually occurred on the trial. It is only a certification of the true contents of the motion and grounds for a new trial, and which practice is unauthorized and unnecessary. If a resort to such unnecessary practice could be given the effect of a certification by the court that everything contained in the motion was true, then the ground that the verdict was flagrantly

against the evidence, or that the instructions were erroneous would be so certified by the court, as well as the truth of every other ground contained in the motion."

We made similar disposition of a similar question in the case of Muir v. Glossbrenner Motor Co., 211 Ky. 1, 276 S. W. 1058.

The defendants next discuss their fourth ground for a new trial, which was that the verdict of the jury is contrary to law and not sustained by the evidence. It is their contention that James Thompson is an admitted accomplice, as he admits going with the defendants and assisting them in this crime. We agree with them that he was an accomplice. Their next contention is that Dennis Blevins is an accomplice, because he assisted the families of these defendants in leaving the country to join their husbands after the defendants had fled, but, giving to the conduct of Blevins the construction most favorable to the defendants, it would only have made Blevins an accessory after the fact, and in 16 C. J. 675, we find this:

"The more generally accepted view is that an accessory after the fact is not an accomplice, which view is in accordance with the rule that one is not an accomplice unless he can be indicted and punished for the crime with which defendant is charged."

This court is committed to this same ruling, and a discussion of it will be found in the case of Levering v. Com., 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140, also in the case of Elmendorf v. Com., 171 Ky. 410, 188 S. W. 483, and in Boggs v. Com., 218 Ky. 782, 292 S. W. 324. Thus it would appear that Dennis Blevins was not an accomplice, and, for the same reason, Mrs. Allie Blevins cannot be held to be an accomplice, although she got from Cue McKenzie a portion of the stolen meat and he told her at the time that it was such. Therefore their evidence was additional evidence to that of the accomplice.

The court gave to the jury an instruction upon the evidence of an accomplice of which the defendants have not complained, and we will now briefly review the evidence in the case, other than that of the accomplice, Thompson.

The commonwealth showed by Charlie Rice, son of W. B. Rice, the way in which this smokehouse was fastened and locked. It showed by him that after this meat was stolen he examined this fastening and found the staple had been pulled out and was gone. It also showed by him and by his brother, Schuyler Rice, that they were in this smokehouse a few days before this and the meat was there, and they were in it after this occurrence and the meat was gone. It also showed by these men the tracks of three different men not far from this smokehouse, and it showed by Dennis Blevins the division of the meat between the defendants, and by Mrs. Blevins the receipt of a portion of it from one of them. We feel that there was sufficient corroboration of James Thompson to support the verdict; hence there is nothing in the contention that it is not sustained by the evidence, and the court properly overruled the defendants' motion made at the conclusion of the commonwealth's evidence and renewed at the close of all the evidence, to instruct the jury to find them not guilty.

"It is not necessary that the corroborating evidence should be such that it, in and of itself, would authorize a conviction; nor is it necessary that it should be equivalent to the testimony of an additional witness." Mattingly v. Com., 195 Ky. 838, 243 S. W. 1044.

The defendants now return to a discussion of their first ground for a new trial, which was that the court erroneously admitted incompetent evidence against them. The principal part of this complaint is directed to the testimony of Dennis Blevins and his wife, which defendants contend should not have been admitted because they were, as defendants contend, accomplices, but we have already held they were not. Moreover, complicity of a witness in the crime under investigation affects, not his competency as a witness or the admissibility of his testimony, but his credibility as a witness, and the weight of his testimony. A large part of their argument is based on questions and answers, to which no objections were made; hence complaint thereof is unavailing. This disposes of all of this complaint except that directed to this hearsay evidence in the testimony of Schuyler Rice. "Squire Blanton said if I could find the meat I would not have to have a search warrant;" and, "I went to the coal bank

where 'they said the meat was.' '' If the admission of this evidence was error, it was not prejudicial error. In Parrish v. Com., 136 Ky. 77, 123 S. W. 339, we said:

"It is true that some minor errors were committed by the trial court—they appear in every hotly contested case—but upon the whole no substantial injustice was done. We have more than once announced that it is not every error that will authorize a reversal. Our jurisdiction is altogether a creature of the statute, and the law that gives us jurisdiction declares, in section 340 of the Criminal Code of Practice, that a judgment of conviction shall only be reversed for error of law 'appearing on the record, when upon consideration of the whole case the court is satisfied that the substantial rights of the defendant have been prejudiced thereby.' Therefore, when a person who has been convicted of crime appeals to this court, he must be able to affirmatively show errors of law that have prejudiced his substantial rights, and these errors must appear to us to be of sufficient importance to direct a new trial.''

The final contention of the defendants is that the indictment against them is defective because it failed to charge that this smokehouse belonged to or was used with any dwelling house. They rely on case of Dunn v. Com., 119 Ky. 457, 84 S. W. 321. It does not appear that any demurrer was filed to this indictment, as was done in the Dunn case, and, as it stood, it charged a public offense under section 1164, Ky. St. The court should have instructed the jury under section 1164 instead of section 1162. The defendants have not complained of the instructions in their motion and grounds for a new trial; hence cannot complain of them here.

There is a strong effort made for the defendants to show that this prosecution of them was begun for the purpose of compelling them to leave the country and to prevent a conviction of Blevins, Salyers, and others, upon the charge of violating the prohibition law. All of this was brought out in the evidence and heard by the jury. The evidence of the witnesses for the commonwealth and that of the witnesses for the defendants cannot be reconciled. The evidence of both sets of witnesses cannot be true. It is for the jury to determine which set of witnesses is telling the truth, and we have often written that

a case will not be reversed because the jury believed one set of witnesses rather than another. Easterling v. Com., 216 Ky. 541, 287 S. W. 972; Conners v. Com., 152 Ky. 57, 153 S. W. 16; Cornett v. Com., 156 Ky. 795, 162 S. W. 112; Crews v. Com., 161 Ky. 614, 171 S. W. 188; May v. Com., 164 Ky. 109, 175 S. W. 17; Milburn v. Com., 204 Ky. 692, 265 S. W. 25.

The judgment is affirmed.

The whole court sitting, with the exception of Judges Sampson and Logan.