## Hood v. Commonwealth.
### Dec. 8, 1942.

S. V. Little for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The grand jury of Laurel county returned an indictment against Oscar Hood and Earl Hopkins charging them with the crime of stealing chickens of the value of more than $2. It developed during the trial that Earl Hopkins was only 16 years of age and had not been carried before the county court of Laurel county as a juvenile offender, and the indictment was dismissed as to him. Oscar Hood was convicted and his punishment fixed at confinement in the state penitentiary for a term of one year.

The prosecuting witness, Mrs. Virgie Quinby, testified that she missed several chickens early in February, 1942. She found one of the chickens at the store of Jack Pennington who purchased it from J. B. Lockaby, a 13-year old boy. Before the indictment was returned Oscar Hood, Earl Hopkins, and the Lockaby boy brought to her home six chickens to replace the chickens she had lost. The chickens were worth 75c each. J. B. Lockaby testified that he and Earl Hopkins made three trips in an automobile in the nighttime to the home of Mrs. Quinby, and, in all, took six chickens from her hen house. All

of the chickens were sold to Jack Pennington. Three chickens were stolen on the first trip, two on the second, and one on the third. Appellant, Oscar Hood, was not present on the first trip, but was present on the second and third trips. The second trip was made a day or two after the first trip, and the first and third trips were about a week apart. Jack Pennington testified that he purchased chickens from Lockaby, including the one identified by Mrs. Quinby. The foregoing was, in substance, all the evidence tending to connect appellant with the crime.

Counsel for appellant, acting on the theory that the proof showed three offenses had been committed, moved the court to require the Commonwealth to elect. The court overruled the motion on the ground that the three transactions constituted one offense, and in its instructions authorized the jury to find the appellant guilty of the crime of chicken stealing, a felony, if they believed the stolen chickens were of the value of $2 or more. The instructions also authorized the jury to consider the value of all the chickens stolen on the three occasions if they believed beyond a reasonable doubt that the three thefts constituted a continuous act. An instruction on petit larceny was given.

There is not sufficient evidence to connect appellant with the first theft when three chickens were taken or to show that the successive takings were actuated by a single, continuing criminal impulse or intent so as to constitute a single larceny. Distinct and separate larcenies cannot be aggregated so as to make the value of the property stolen sufficient to constitute a felony where the value of the property taken at one time is insufficient for that purpose. Weaver v. Commonwealth, 86 S. W. 551, 27 Ky. Law Rep. 743; Woodford v. Commonwealth, 154 Ky. 818, 159 S. W. 567; Annotation in 136 A. L. R. 948. The evidence shows that the stolen chickens were traded at Pennington's store for gasoline, and that lack of gasoline, as it occurred from time to time, was the actuating motive for the thefts. Each taking was the result of a separate impulse, and, consequently, was a separate crime. The evidence was insufficient to connect appellant with the first taking, and the court erred in overruling his motion to require the Commonwealth to elect as between the second and third takings. As the value of the chickens taken on each of these occasions was less

than $2, the instructions should have been confined to petit larceny.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.